KANSAS PACIFIC RAILWAY CO. v. E. L. BALL.

STOCK-KILLING ACT OF 1874; *Demand of Payment*. To sustain an action under chapter 94 of the laws of 1874, against a railroad company, for the killing of stock, there must be proof of a demand in accordance with the provisions of section two of said act.

*Error from Shawnee District Court.*

BALL had judgment for $135 and costs, at the May Term 1875 of the district court, D. B., judge *pro tem.*, presiding, and the *Railway Company* brings the case here. All necessary facts appear in the opinion.

*Charles Monroe*, for plaintiff in error.

*F. G. Hentig*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The only questions in this case are, whether under the stock-killing law of 1874 proof of demand is essential to a recovery, and if so whether there was such proof. The first question must be answered in the affirmative, and

the second in the negative. The statute is a stringent one, and imposes new burdens upon railroad corporations; and he who would avail himself of its benefits ought to bring himself clearly within its terms. The language of the second section is, "In case such railway company shall fail for thirty days after demand to pay the full value," etc., "such owner may sue and recover the full value," etc., "together with a reasonable attorney-fee." And the third section specifies upon whom the demand may be made. Nor is it a fair construction of the statute to hold, that the first section renders the company liable for the value, and that the steps prescribed in the second section may be disregarded unless attorney-fees are sought to be recovered in addition to the value. The whole act should be construed together, and the conditions of liability prescribed in one section applied to the entire relief obtainable under the act. *McNaught v. C. & N. W. Rld. Co.*, 30 Iowa, 336; *Cole v. C. & N. W. Rld. Co.*, 38 Iowa, 311.

The only evidence tending to show a demand in this case is in the following testimony of the plaintiff:

"I am the plaintiff in this case, and had two mules killed by the Kansas Pacific Railway Company on Saturday, either the 23d or 24th of October. I called on Mr. Johnson, the railway agent, and he told me I had better get some one to appraise them. The section-boss selected Mr. Johnson, and I selected Mr. Entsminger, but they could not agree upon the price of the mules, and so called on Mr. Payne, and they placed the value at $135 for the two."

Now under a statute like this, imposing an additional burden, and conditioning that burden upon a demand, it seems to us there should be proof of a direct demand. (See cases cited, *supra.*) And while of course slight evidence will sustain the finding of a court, or the verdict of a jury, yet in this evidence we see no allusion to a demand. All that appears is, that the plaintiff counseled with an agent of the company, and was advised as to the course he should pursue. It does not appear directly or inferentially that the plaintiff demanded payment. If the fact existed, the witness was

present, and the proof was easy. The omission of such proof was fatal. The motion for a new trial, and the petition in error, allege that the finding and judgment were contrary to law. The party must rest his case upon this statute, for there is in his bill of particulars no allegation of negligence, and no evidence of any negligence except in the omission to fence.

The judgment will be reversed, and the case remanded for a new trial.

All the Justices concurring.