THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COM-
PANY V. HENRY HEGWIR.

RAILROAD STOCK LAW OF 1874; *Presumption.* In an action to recover damages from a railroad company for the killing of three swine, it appeared from an agreed statement of facts that the swine killed were running at large in violation of section 46 of the stock law, Gen. Stat. 1011, and the herd law of 1872, page 384. *Held,* That as the animals were under the control and charge of their owner, and as it was his duty to see that they were so secured as not to be at large, the said admission of the owner in the agreed statement, that they were running at large when killed, raises the presumption against him that they were at large with his permission.

*Error from Reno District Court.*

ACTION brought by *Hegwir* against the *Railroad Company,* to recover damages for killing three hogs belonging to the plaintiff. This case was tried on an agreed statement of facts. *Hegwir* had three hogs killed by the railroad in Grant township, Reno county, in August, 1877, in the operation of its trains, at a place where there was no fence whatever inclosing either side of the track. Demand was made on a ticket agent of the company for their value, which was refused. It was also agreed that in Grant township, where the hogs came upon the track and were killed, the voters of said township had never voted to exempt it from the operations of § 46 of art. 7 of an act entitled "An act relating to stock," approved March 2, 1868, and found on p. 1011, Gen. Stat. 1868.

It was also agreed that in Reno county the board of county

commissioners did, in May, 1872, direct by order that swine and other enumerated animals should not be allowed to run at large within the bounds of the county, pursuant to an act entitled "An act to provide for the regulation of the running at large of animals," approved February 24, 1872, found on p. 384, laws 1872, and that this order has since then been in force. It was also agreed that if Hegwir is, under these facts, entitled to recover, $100 is to be the amount of the recovery for the value of the animals, and $25 for attorney's fee.

Trial at the January Term, 1878, of the district court, and judgment for *Hegwir*, for $125 and costs. The *Railroad Company* brings the case here for review.

*Ross Burns, J. G. Waters,* and *W. C. Campbell,* for plaintiff in error:

It seems to us that the principles enunciated in the case of *C. B. U. P. Rld. Co. v. Lea,* 20 Kas. 353, will govern in this case. This is a stronger case, however, than that. Here, Hegwir was acting in disregard of *two* laws, and it is doubtful if the railroad company were required to fence against his hogs at all; or, in other words, that it was not liable, under the law of 1874, for not fencing its road, when the fence required by law in that township would not have proven effectual.

We might add, that the court below rendered judgment in favor of Hegwir on the authority of an Iowa decision; and as the same may be urged here, we desire to say that the statute of that state is quite different from ours. There, railroads are held absolutely liable for all stock injured or killed, where the road is not fenced, excepting only cases where the injury or killing occurred through the willful act of the owner. Of course, such a decision here would have but little weight.

See the following authorities: *Wells v. Beal,* 9 Kas. 599; *Bauer v. Clay,* 8 Kas. 585–597; *Darling v. Rogers,* 7 Kas. 592; *Larkin v. Taylor,* 5 Kas. 433–446; *Railroad v. Methven,*

21 Ohio St. 586; *Pitzner v. Shinnick,* 39 Wis. 129; *Railway v. Rollins,* 5 Kas. 167–178; *Munger v. Railroad,* 4 N. Y. 349; *Railroad v. Lea,* 20 Kas. 353; *Railroad v. Champ,* 75 Ill. 577; *Jackson v. Railroad,* 25 Vt. 150; *Keech v. Railroad,* 17 Md. 32; *McDonnell v. Railroad,* 115 Mass. 564; *Perkins v. Railroad,* 29 Me. 307; *Curry v. Railroad,* 43 Wis. 665; *Giles v. Railroad,* 55 N. H. 552; *Railroad v. Miami Co. Infirmary,* 6 Cent. Law J., 436.

*Brown & Gillett,* for defendant in error:

It is evident that the swine and herd laws were intended to protect property which ordinarily requires a fence to protect it against stock, and for the protection of travel. Tried by such a rule, it is no wrong against the railroad company for the owner to let stock run at large, and hence the rule that refuses to assist either party when both are in the wrong cannot apply; for the owner of stock, by suffering them to run at large, has violated no law intended to protect the company; while the company, by refusing to fence, has committed the wrong and caused destruction that, had it not violated the law of 1874, would not have happened.

A very similar law in Iowa has been construed as we claim to be the law in this case, and we would refer to the argument of the court and the following decisions in that state: 25 Iowa, 139; 27 Iowa, 282; 32 Iowa, 561.

The case of *Lea v. Railroad,* 20 Kas., seems to take the opposite view, and to hold that if a party permits stock to run at large in opposition to the provisions of the herd law, he cannot recover. In our view of the case, this decision overrides all the intent and object of the statute; but even if this decision be law, we cannot see how it helps the plaintiff in error, for unlike the case of *Lea v. Railroad,* there is no showing of any negligence or permission on the part of Hegwir. There is no showing that the swine were running at large in the manner contemplated in the statute, with reference to the running at large of swine. The agreed facts show that the swine came upon the track in a place where there

was no fence. How they came there does not appear, and the court cannot infer fault or fraud on the part of Hegwir. Certainly he did not *permit* them to run at large contrary to the swine law. Now, we do not presume it was, under the statute of 1874, the duty of Hegwir to show that he was not negligent. That duty devolved on the railroad to show that Grant township did not permit swine to run at large; that Reno county was a herd law county, etc. These were certainly matters of defense. All that Hegwir had to do was to show that he was the owner of the hogs; that they were killed by the engine and cars of the company, and he had made his *prima facie* case. Now, in the case of *Spence v. Chicago & N. W. Railway Co.*, 25 Iowa, 141, the court says: "The agreed case is silent as to whether the hog was running at large by accident, or by the careless or willful act of the plaintiff," and held that the railway company must show the willful or careless act. True, this is under the Iowa statute, but the same rule is good under our statute. Unless permission or carelessness on the part of Hegwir be shown, he must recover; and he is not required to prove a negative, nor is illegality or fraud presumed—it must be proved. The presumption is never made that a party violates law. The presumption is the other way—of innocence. Hence, without any proof to the contrary, the presumption is that the swine were at large through accident, and not through the carelessness or fault of Hegwir. This theory is not in opposition to the case of *Wells v. Beal*, 9 Kas. 599, for in that case Wells allowed his hogs to run at large. So the court found, and say that into such a case the fence question does not enter. But carry the case of *Wells v. Beal* to the extent that is claimed by the plaintiff in error, and the court would say that Beal, notwithstanding the fact that he had no fence, might kill the hogs and create no liability for their value. We take it that such would not be the law. How then could we say that the railroad in killing the hogs is not responsible? The hogs of Hegwir did come upon plaintiff in error's track. How they came there the agreed statement of facts does not show, but

we presume the principle of both in the wrong will not apply, unless the wrong of both was clearly shown. We take it that both are presumed innocent of any violation of law, until the contrary is proved. Now what does the agreed statement of facts show? That the railroad company killed the hogs on its track. Hegwir admits the hogs were on the track, but nowhere does he admit, nor does the agreed statement show, that he suffered them to run at large, nor that he was careless in their getting on the track, or that he drove them there; and if both are presumed to act within the pale of the law, and it being admitted that the railroad was not fenced, then the proof shows negligence on the part of the railroad only, and not on the part of Hegwir.

We call especial attention to the fact that the findings of fact in the case of *Lea v. Railroad,* show that the cow was *permitted* to run at large. In that it differs from this case. Here no *permission* is claimed. Only the naked fact that the hogs were on the track, and that this alone is sufficient to bar a recovery, is the claim of plaintiff in error, which seems to us untenable.

The opinion of the court was delivered by

HORTON, C. J.: The agreed statement of facts brings this case within the decision of the *Cent. Branch Rld. Co. v. Lea,* 20 Kas. 353, if it appears therefrom that the defendant in error permitted his swine to run at large. This is the debatable question. Upon this point the statement shows that the hogs came upon the track and were killed, in Grant township, Reno county; that the voters of said township had never voted to exempt it from the operations of § 46 of art. 7 of the act entitled "An act relating to stock," approved March 20, 1868, (Gen. Stat. 1011;) that the board of county commissioners of said county, some months prior to the killing of the animals in question, directed by order that swine and certain other animals should not be allowed to run at large within the bounds of the county, pursuant to the law of 1872, (p. 384,) and that the order was in force in the county

at the time of the alleged wrong complained of.    While counsel for the defendant in error concedes that the animals were running at large, they claim that as the record is silent whether the hogs were at large with the knowledge or permission of their owner, the presumption is that they were at large without fault or negligence on his part; in other words, that, to avoid the liability of the railroad company, it was incumbent on the company to show that the defendant was knowingly acting in disobedience to the commands of the statutes.    And as the presumption is never made that a party violates the law, in the absence of proof that the defendant in error knew the hogs were running at large, it must be held he had no such knowledge.    We think the argument of counsel faulty in this: while it is true that the guilt or wrong of a party is not presumed, and generally that a person is not required to prove a negative, yet when as in this case, it is shown or agreed that the hogs were running at large, while under the control and charge of the owner, it is presumed they were at large with his permission.    It was his duty to see that the hogs were so secured as not to be at large.    The proof that they were at large, changes the presumption, and throws upon the owner the burden of showing that they were at large without negligence or wrong on his part.    Such evidence is peculiarly within his knowledge.    The conclusion we reach is, that under the agreed statement of facts, the hogs killed were at large with the permission of the defendant in error, and that the case of *Cent. Branch Rld. Co. v. Lea,* supra, is applicable.

The judgment must be reversed, and the cause remanded with instructions to the district court to enter judgment on the facts stated, for the plaintiff in error.

All the Justices concurring.