THE KANSAS CITY, FT. SCOTT & GULF RLD. CO. v. JOHN McHENRY.

1. RAILROAD STOCK LAW OF 1874; *Finding Upheld.* Where the evidence tending to show a demand for the killing of stock, under the provisions of chapter 94 of the Laws of 1874, is conflicting, and sufficient evidence is given on the trial to sustain the demand, the finding of the trial court that a demand was made will be upheld.

2. CONTRIBUTORY NEGLIGENCE; *Swine at Large.* Where a railroad company is not guilty of negligence in failing to protect its track from swine in a township where they are not permitted to run at large, and it appears from an agreed statement of facts that a hog was killed by the negligence of the railroad company in such township, and it further appears that the negligence of the owner in permitting the animal to run at large, in violation of §46, ch.105, Comp. Laws 1879, contributed directly to the injury, *held,* the negligence of the defendant was offset by the negligence of the plaintiff, and the owner of the animal could not recover for his loss.

3. CONTRIBUTORY NEGLIGENCE, *Still a Defense.* The provisions of §1, ch. 93, Laws of 1870, (§28, ch. 84, p. 784, Comp. Laws 1879,) have not wiped out contributory negligence as a defense in actions against railroad companies for damages to persons or property, resulting from negligence on the part of such companies.

*Error from Linn District Court.*

ACTION brought by *McHenry* against the *Railroad Company,* to recover damages for killing a cow and two hogs belonging to plaintiff. Trial by the court at the April Term, 1880, when the court found for the plaintiff $25 damages for the cow killed as alleged in the petition, $8.50 for one hog killed, and $35 as attorney's fee. Judgment accordingly for

the plaintiff. The *Railroad Company* brings the case here. The opinion states the facts.

*Blair & Perry*, for plaintiff in error.

*Stephen H. Allen*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action under the railroad stock law of 1874, to recover for the killing of a cow and two hogs. The petition contained, also, allegations of negligence and carelessness on the part of the railroad company. The plaintiff in error claims two errors: first, that no legal demand was ever made by McHenry on the railroad company; and second, that, under the facts, the railroad company is not liable for the hogs, even if a demand was made.

The evidence tending to show a demand on the part of the owner of the animals was as follows. John McHenry testified:

"I am the plaintiff in this action. I made a demand at the depot in Pleasanton, of Mr. Evans. He was the ticket agent there of the defendant. This was on December 6th, 1879. It was more than thirty days before this action was commenced. I met Evans on the platform, and told him I had stock killed by the railroad company; that I had one cow and two hogs (killed). The hogs were (killed) at different times. I told him about it, and asked him if he paid for the stock. He said not. I told him my demand was forty dollars. I think that is about all. I told him there was one cow worth $25, one hog, $7.50, and the other—I don't mind what I said. I told him I demanded it of him as agent of the road. I told him it was the Missouri River, Fort Scott and Gulf Railroad. No, I think I said the Kansas City, Fort Scott and Gulf Railroad. I don't recollect that I told him the time the stock was killed. He said he had nothing to do with it."

Evans, the agent, testified that McHenry stated to him when and where the stock were killed, but denied that a demand was made for any specific amount, and also contradicted other parts of McHenry's testimony.

The evidence was abundantly sufficient to sustain a finding of legal demand. (*K. P. Rly. Co. v. Ball,* 19 Kas. 535.)

Counsel allege that their second objection to the judgment should prevail, for the reason that the agreed statement of facts shows that on the 8th and 18th days of November, 1879, when the hog sued for was killed, that § 46, ch. 105, Comp. Laws 1879, was in force, and there was such contributory negligence on the part of McHenry as to debar him of all right of recovery in the action for the hog killed.

This point is well taken. No obligation existed on the part of the railroad company to protect its track from hogs, and its failure to erect the fence may be laid aside as having no bearing in the case. (*A. T. & S. F. Rld. Co. v. Yates,* 21 Kas. 613.) The agreed statement of facts shows that the hog was at large, and that it was upon defendant's track at a place other than at a public highway; no reason is given why the animal was upon the railroad track, and it is admitted that § 46, ch. 105, was in full force in the township where the hog was killed. We may assume, in the absence of any explanation of the animal's being at large, that it was at large with the permission of the owner. (*A. T. & S. F. Rld. Co. v. Heguir,* 21 Kas. 622.) Therefore, while the railroad company was guilty of negligence, the owner of the hog was equally guilty of negligence, and as the negligence of the owner contributed directly to the injury complained of, and, as it is not shown that the company was guilty of anything but ordinary negligence, not gross or wanton, no recovery for the loss of the hog can be had. If it had appeared from the agreed facts, that the hog had escaped from the owner's inclosure without his fault, or if it had strayed upon the track without negligence on his part, the entire judgment would be affirmed.

Counsel for defendant in error refers to § 1, ch. 93, Laws 1870, (§ 28, ch. 84, p. 784, Comp. Laws 1879,) and contends that by this statute the legislature has wiped out contributory negligence as a defense in actions against railroad companies for damages to persons or property. In brief,

counsel claims that the statute makes railroad companies liable in every case of negligence, however slight, even though the plaintiff's negligence contributed equally, or more, to the injury. If such a construction must be put upon the statute, (and the writer is of the opinion that the legislature really intended to go that far,) the statute is violative of the state constitution, and therefore without force or validity. Our constitution guarantees to all, equity of rights and remedies for injury by due course of law. It in effect forbids partial or class legislation. All these provisions lie directly athwart the pathway of the statute, as construed by counsel for defendant in error. If, however, the statute was not intended to wipe out contributory negligence as a defense to railroad companies, and we are at liberty to construe "any negligence" as meaning "ordinary negligence," as intimated in *St. Jos. & D. C. Rld. Co. v. Grover*, 11 Kas. 302, and thus preserve the validity of the statute, it does not avail the defendant in error, for while the railroad company, under the agreed statement of facts, was guilty of negligence (ordinary), the owner of the animal killed was also guilty of negligence (ordinary), and the negligence of the one offsets the negligence of the other.

The case will be remanded, with direction to the district court to remit $8.50 (the value of the hog killed) from the judgment. The costs in this court will be divided between the parties.

All the Justices concurring.