## THE MISSOURI PACIFIC RAILWAY COMPANY v. J. N. ROADS.

1. RAILROAD STOCK LAW; *Fences.* The railroad stock law of 1874 imposes an obligation upon railroad companies to fence their tracks against all animals, including hogs, against which a good and lawful fence would be a protection. (*Mo. Pac. Rly. Co. v. Bradshaw,* ante, p. 533.)

2. POLICE REGULATION; *Obligation of Company.* The statute is in the nature of a police regulation, intended to protect domestic animals generally, and to promote the security of persons and property passing over the road, and is not designed merely for the benefit of the adjoining landowner. The railroad company is therefore under a general obligation to the public; and in an action under the statute, the mere fact that the animals were trespassers upon the adjoining land from which they went upon the unfenced railroad track and were killed, will not, where they escaped from the plaintiff's inclosure without his fault, defeat a recovery.

3. ——— But where the owner of animals voluntarily places them on the track, or purposely exposes them to danger, no recovery for their injury can be had.

*Error from Neosho District Court.*

ACTION by *Roads* against *The Railway Company,* to recover the value of certain hogs which were killed by the company in the operation of its road. Trial at the April Term, 1884, and judgment for plaintiff. *The Company* brings the case to this court. The opinion states the material facts.

*C. F. Hutchings,* and *David Kelso,* for plaintiff in error.

*John Hall,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: J. N. Roads brought suit before a justice of the peace of Neosho county, to recover the value of eight hogs belonging to him, which were run against and killed by the engine and cars of the Missouri Pacific Railway Company. The action was brought under the railroad stock law of 1874, and the plaintiff alleged in his bill of particulars that the hogs were not killed near any public road or crossing, but without any

fault on his part they went upon the railroad track and were killed at a place where the railroad ought to have been but was not inclosed by any fence. It was also alleged that the hogs were killed by reason of the negligence of the railway company, its agents and servants. There was an averment that a demand was duly made by the plaintiff upon the railway company for the value of the hogs killed, but that payment was refused. In the justice's court judgment was given in favor of the plaintiff, and the defendant prosecuted an appeal to the district court, where the case was tried without a jury, and a general finding made that the allegations of the plaintiff in his bill of particulars were true; that he was entitled to recover the sum of $75, the value of the hogs killed, and the further sum of $35, attorney's fees; and judgment was rendered accordingly.

The railway company contends that this judgment is erroneous and cannot stand, because it was obtained under the railroad stock law, which it is claimed has no application to hogs, and imposes no obligation upon railroad companies to fence against them. This question, as well as most of the points raised in the case, have been decided adversely to the contention of the railway company in the recent case of *Missouri Pacific Railway Co. v. Bradshaw*, ante, p. 533. There it was ruled that "the railroad company is required to fence against all animals against which a good and lawful fence would be any protection;" and that "where a good and lawful fence will protect a railroad track against any particular hogs, the railroad company is bound to fence as against such hogs; and if the defendant railroad company in such a case claims that it was not bound to fence its road as against the particular animal in question, it devolves upon the railroad company to show it." In this case, no testimony was offered by the defendant; and the plaintiff's testimony does not disclose how large the hogs were, but presumptively a lawful fence would have prevented them from going upon the railroad track. (*Mo. Pac. Rly. Co. v. Bradshaw*, supra.)

About the only distinction between the Bradshaw case and

the present one is, that in the former case the railroad ran
through the premises of Bradshaw, and the animals in that
case passed directly from the land of the owner upon the rail-
road track, where they were killed.   In this case it does not
appear that plaintiff's land extended to the track, although
the distance between the pen where the hogs were inclosed
and the point where they went upon the railroad track and
were killed was only from a quarter to half a mile.   It is
claimed that the plaintiff was negligent, in that the hogs were
trespassers upon the adjoining land, and that the company
cannot be held liable under the statute for killing animals that
were unlawfully upon the adjoining land, and came therefrom
upon its unfenced track, unless after the animals were discov-
ered upon the track the company and its employés failed to
exercise ordinary care to prevent injuring them.   Upon this
question the general rule appears to be  that where a statute
requiring railroad companies to fence their tracks is a general
police regulation, intended to protect domestic animals gener-
ally, and also for the safety of persons and property passing over
the road, and is not designed merely for the benefit of the ad-
joining land-owner, that the railroad company is held to be
under a general obligation to the public, and is liable for ani-
mals injured and killed on its unfenced track, even though they
were unlawfully upon the land from which they passed upon the
railroad track.  (*Indianapolis &c. Rld. Co. v. Townsend,* 10
Ind. 38; *Railroad Co. v. Maiden,* 12 id. 10; *Railroad Co. v.
McKinney,* 24 id. 283; *Railroad Co. v. Guard,* 24 id. 223;
*McCall v. Chamberlain,* 13 Wis. 637; *Curry v. Railroad Co.,*
43 id. 665; *Fawcett v. Railway Co.,* 16 Q. B. 609; Pierce on
Railroads, 414.)

This is the character and purpose of our statute, and it has
been so construed by this court.   It was said that "the fenc-
ing of the railroad track is a duty not merely for the protec-
tion of cattle, but for the protection of the lives and safety of
persons on railroad trains, whether employés or passengers.
The enforcement of this duty is the exercise of the police power
of the state." (*Sherman, Adm'r, v. Anderson,* 27 Kas. 335.)

Under this construction of the statute, the mere fact that the animals were trespassing upon the land from which they went upon the unfenced railroad track, will not, where the plaintiff is without fault, defeat a recovery. Of course no recovery could be had for an injury arising from the failure of the railroad company to fence its track, where the owner purposely placed his animals in a position of danger. But there is nothing in the record of this case that would justify such a charge against the plaintiff. Indeed, the escape of the hogs from the pen in which they were inclosed appears to have been a mere accident, and no negligence can be properly attributed to the plaintiff therefor. The testimony shows that the hogs had been carefully inclosed in a strong pen made of posts and boards of proper height, and that on the morning of the accident a neighbor's bull came along, and in attempting to jump into the pen broke it down in such a way that the hogs were allowed to pass out of it. They had never before escaped from this inclosure, and on this occasion the plaintiff discovered that they had gone within a few minutes after their escape, and immediately sent parties in pursuit of them, but before overtaking them they went upon the unfenced railroad track and were killed. It was no fault of the plaintiff that the hogs escaped from the inclosure, neither did they stray upon the railroad track by reason of any negligence of the plaintiff. We must therefore hold that he is entitled to indemnity for their loss. (*K. C. Ft. S. & G. Rld. Co. v. McHenry*, 24 Kas. 503.)

The judgment of the district court will be affirmed.

All the Justices concurring.