Creamery Co. v. Daniels.

THE CREAMERY PACKAGE MANUFACTURING COMPANY
V. CHESTER DANIELS.

No. 14,348.    (83 Pac. 986.)

SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Personal Injuries—Assumption of Risk.*
In an action brought by an employee to recover for personal
injuries sustained through the negligent omission of the em-
ployer to remove or cover a circular saw when not in use,
findings that the plaintiff knew that the saw was in motion
and knew the effect of coming in contact with it will pre-
vent his recovering judgment, when it is further found that
the defendant was not negligent in any other respect.*

Error from Wyandotte district court; J. McCABE
MOORE, judge. Opinion filed December 9, 1905. Re-
versed.

*Harkless, Crysler & Histed,* and *A. L. Berger,* for
plaintiff in error.

*Charles R. Cooksey,* and *Bird & Pope,* for defendant
in error.

The opinion of the court was delivered by

MASON, J.: Chester Daniels, a boy not quite eight-
een years of age, was injured while in the employ of
the Creamery Package Manufacturing Company. He
brought an action against the company, alleging that
his injury was due to its negligence, and recovered a
judgment for $600, from which the defendant prose-
cutes error.

The plaintiff worked near a small circular saw, his
work requiring him to pass back and forth near it.
Upon one occasion, while carrying some boards by it
in the course of his employment, the floor being
strewn with sawdust, he stepped upon a "cull-head,"

* The question whether the ordinary rule of assumption of
risk is affected by the statute (Laws 1903, ch. 356) requiring
factory owners safely to guard machinery for the protection of
employees was not argued or passed upon in this case.—REP.

or piece of waste board, slipped and fell, and in falling threw out one hand, which came in contact with the saw and was severely mangled. In his petition he alleged that the defendant was negligent in these respects: (1) In failing to provide sufficient light in the room where the machinery was; (2) in allowing the passageway over which the plaintiff was required to go back and forth near the saw to become and remain obstructed; (3) in failing either to remove or cover the saw whenever, as at the time of the injury, it was not in use.

In response to a special question, however, asking the jury to state fully in what the negligence of the defendant consisted, the answer was returned: "For not removing saw from mandrel or covering it up when not in use." This is in effect a finding that there was no negligence on the part of the company in respect to the lighting of the room or the obstruction of the passage, and that the company was not derelict toward the plaintiff in any matter other than that specifically named. The jury also found specially that the plaintiff had worked more than a week in this room, during which time he frequently saw the machinery in operation; that he knew of the practice of allowing the saw to run when not in actual use; that he knew and understood the result of getting his fingers against the saw; that he knew the saw was running at the time he was walking toward it and before the time he was hurt.

The defendant contends that these findings compel a judgment against the plaintiff for the reason that they show an assumption on his part of the risk occasioned by the negligence of which he complains. The contention must be sustained. The saw while in motion presented a peril that was obvious to the meanest intelligence. The mere fact that the plaintiff was a minor does not affect the matter. (*Bess v. Railway Co.*, 62 Kan. 299, 62 Pac. 996.) A boy practically eighteen years of age was as capable as an older per-

son of seeing and understanding such a peril. It is true that in order for him to be deemed to have assumed the risk he must not only have been aware of the conditions that existed but also of the danger that arose from such conditions. But whatever doubt there might otherwise have been upon this score is set at rest by the finding that he knew and understood the result of getting his fingers against the saw. This is in substance a finding that he knew the danger to which he was subjected by the omission of the company to remove the saw when not in use. It is not a sufficient answer to say that he did not know that he was likely to slip or stumble while he was walking by the saw. His fall, not having been occasioned by any negligence of the defendant, was a mere accident, the possibility of the happening of which at that particular place must have been known to him as well as to any one else.

That the employee ordinarily assumes the open and obvious danger incidental to the operation of unguarded machinery is well settled. (See 20 A. & E. Encycl. of L. 117.) The only distinction in this regard between the present case and those there cited must be found in the fact that here the machinery was being operated unnecessarily—at a time when it might as well have been stopped or guarded. But this consideration goes only to the matter of the negligence of the master, and does not affect the attitude of the servant. It is important only because but for it there would be no ground of liability whatever. In most of the cases where a recovery is defeated upon the ground of an assumption of risk by the employee there is some form of negligence shown by the employer that would establish a liability except for the principle of assumption of risk; otherwise there would have been no occasion for invoking that principle.

The findings exculpate the defendant from any negligence except in permitting the saw to run uncovered when not in use. The only consideration that could

make this actionable negligence is that it needlessly exposed persons working about it to the danger of injury, if through accident or inadvertence they came in contact with it. This danger was obvious to any one who knew that the saw was running and knew the effect of coming in contact with it. The fact that it was not necessary that it should have been running had no tendency to conceal the danger. The plaintiff, having continued to work in the vicinity of the dangerous saw knowing of the practice of allowing it to run uncovered when not in use, without making objection thereto, carried his own risk of sustaining any injury that might result to him in consequence thereof without further fault on the part of the defendant. He knew that the saw was in motion and unprotected, and would injure him if he came within its reach. In continuing his work under these circumstances he undertook to keep away from it except as he might be prevented or hindered in doing so by some further negligent act or omission on the part of the company, and the finding of the jury that there was no such further negligence precludes his recovery.

The judgment is reversed, with direction to enter judgment for the defendant.

All the Justices concurring.