Roy Madison, *a Minor, etc.,* v. Amos B. Clippinger *et al., as Partners, etc.*

No. 14,730.   (88 Pac. 260.)

SYLLABUS BY THE COURT.

1. Master and Servant—*Injury to Servant—Unguarded Machinery—Contributory Negligence.* The statute known as the factory act (Laws 1903, ch. 356) does not exclude the defense of contributory negligence in an action by an employee to recover damages for injuries received in operating an unguarded rip-saw in a factory.

2. ———— *Special Finding of Contributory Negligence—Erroneous Instruction on Assumed Risk.* In such an action, where the defendant pleads two defenses—assumed risk, and contributory negligence—and the jury under proper instructions find specially that the plaintiff knew the danger, could have avoided it, and was guilty of contributory negligence in not doing so, and also return a general verdict for the defendant, and judgment is thereupon rendered for the defendant, such judgment will not be reversed for error, if error there be, in instructions relating to assumed risk.

Error from Wyandotte district court; J. McCabe Moore, judge. Opinion filed December 8, 1906. Affirmed.

STATEMENT.

THE plaintiff in error, by his next friend, brought this action in the district court of Wyandotte county against the defendants, as copartners, to recover damages for injuries which he received in operating a rip-saw in the defendants' factory. The case was tried to a jury, who returned a verdict in favor of the defendants, and, after denying the plaintiff's motion for a new trial, the court rendered judgment against the plaintiff for costs.

*Bird & Pope,* for plaintiff in error.

*A. L. Berger,* and *Pratt, Dana & Black,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: Three assignments of error are based upon the exclusion of evidence offered by the plaintiff: (1) The refusal to allow in evidence a certain model of a patented device for safe-guarding saws like the one used; (2) excluding testimony that it was practicable safely to guard the rip-saw; (3) excluding testimony as to the danger of sawing a board with a "seasoned crack."

Assuming that it was practicable safely to guard the rip-saw in question, and that the exhibition of the model and the excluded testimony would have tended to establish that fact, and further that the excluded testimony would have established the fact that it was dangerous to saw a board with a "seasoned crack"— assuming these facts as admitted, do they militate against the verdict of the jury? We do not think they do, and if they do not they are immaterial. The special findings of the jury govern the general verdict, and if this evidence had been admitted it evidently could not have influenced or changed such findings. The special findings of fact are as follow:

"(1) Ques. Did plaintiff know there was a crack in the plank he was sawing? Ans. Yes.

"(2) Q. Did plaintiff allow the rip-saw to run into the crack? A. Yes.

"(3) Q. Could the accident have been avoided had plaintiff not allowed the saw to run in the crack? A. Yes.

"(4) Q. Was plaintiff pushing hard on the board at the time of the accident, and did he, while pushing the board hard, allow the saw to run into the crack of the board? A. Yes.

"(5) Q. Did the plank split at the crack while plaintiff was pushing it? A. Yes.

"(6) Q. Was plaintiff guilty of negligence which caused or contributed to his injury? A. Yes.

"(7) Q. Did plaintiff know of the danger of allowing the saw to run into the crack? A. Yes."

Let us assume that under the provisions of the statute known as the factory act (Laws 1903, ch. 356) it was practicable safely to guard this saw, and that no attempt had been made by the defendants to comply with the requirement of the statute. This would establish beyond controversy that the defendants were guilty of negligence, and would render them liable for the resulting damages unless they pleaded some sufficient defense thereto. The plaintiff concedes that the defense of contributory negligence may be interposed notwithstanding the factory act, but he claims that the exclusion of the evidence hereinbefore noticed, the refusal of instructions requested by him, and the giving of instructions to which he excepted, led or impelled the jury to make the findings to his prejudice.

The court instructed the jury apparently on the theory that the factory act in no way affects the law of assumed risk by an employee. It is unnecessary to decide that question in this case. It was not decided or considered in *Creamery Co. v. Daniels,* 72 Kan. 418, 83 Pac. 986. There substantially the same instruction was given, but, the plaintiff having recovered judgment, the defendant prosecuted error and no attack was made upon the instruction in this court. However erroneous the instructions of the court at the trial of

Madison v. Clippinger.

this case may have been on the question of assumed risk, we do not see that the special findings of fact could have been affected thereby; and, as these special findings control the general verdict and compel the affirmation of the judgment thereon, it would be fruitless, as a new trial does not result, to pursue the question.

That the violation of a duty expressly imposed by a statute upon an owner or operator of machinery dangerous to employees or to the public is negligence which *prima facie* imposes liability for damages resulting therefrom is well-settled law. (21 A. & E. Encycl. of L. 478.) Also, that negligence on the part of the party seeking to recover damages which so far contributes to the injury that it may be said the injury would not have occurred but for such contributory cause defeats a recovery is equally well settled. (*K. C. Ft. S. & G. Rld. Co. v. McHenry*, 24 Kan. 501; 7 A. & E. Encycl. of L. 371, *et seq.*) The special findings of fact are, in effect, that the plaintiff saw and knew of the danger and could have avoided it, and, in not avoiding it, was guilty of negligence which caused or contributed to his injury. No motion was made to set aside these special findings, or any one of them. We have, however, examined the evidence and think the facts found are within the issues and that each of them is supported by some evidence.

The minority of the plaintiff as bearing upon the question of his contributory negligence is also removed by the findings. Minors of more tender years than the plaintiff have been barred from recovering for injuries received where they knew of the danger and negligently incurred the risk. (*Railway Co. v. Laughlin*, ante, p. 567, and cases there cited.) Indeed it is difficult to see how a man of twenty could appreciate or avoid danger like that to which the plaintiff was exposed any better than a lad of eighteen years. Besides, the court in two instructions called the attention of the jury to the

question of age to be considered in determining whether the plaintiff was guilty of contributory negligence. All of the instructions should be read together, and, omitting those referring to assumed risk, we find no error therein. The judgment is affirmed.

All the Justices concurring.