Little v. Norton.

T. E. LITTLE, *Appellee*, v. THE NORTON COAL COMPANY, *Appellant.*

No. 16,638.

1. PERSONAL INJURIES—*Employee at Work in a Mine—Falling of Loose Rock—Statutory Duty of Master.* Where an employee at work in a mine was injured by the falling of a loose rock from the roof of an entry the employer's liability depended, not upon whether it had actual or constructive notice that the rock was loose, but upon whether it had failed to perform its statutory duty to secure loose rock overhead from falling in upon the traveling-ways.

2. ——— *Contributory Negligence.* The miner was not guilty of contributory negligence because he had not noticed that the rock which fell upon him was loose before it fell.

Appeal from Cherokee district court. Opinion filed July 9, 1910. Affirmed.

*A. H. Skidmore,* and *S. L. Walker,* for the appellant.
*J. N. Dunbar,* and *Al. F. Williams,* for the appellee.

*Per Curiam:* The plaintiff was injured while at work in a mine by the falling of a loose rock from an entry. The jury awarded him damages in the sum of $1000. The defendant, who is the mine owner, appeals.

Every claim of error involves the same proposition of law. The demurrer to the petition, the demurrer to the evidence, the instructions requested and refused, the objection to the instructions given and the motion for judgment on the findings are predicated upon the theory that the plaintiff could not recover without alleging and proving that the defendant either had actual notice that the rock in the roof of the entry was loose or that it was in that condition for a sufficient length of time to charge the defendant with constructive notice thereof. If this were an action to recover for injuries caused by the omission of a common-law duty of the master the defendant's theory would apply; but the action is based upon a duty which the statute imposes

upon the defendant to keep careful watch to "see that as the miners advance their excavations all loose coal, slate and rock overhead are carefully secured against falling in upon the traveling-ways." (Laws 1883, ch. 117, § 6, Gen. Stat. 1909, § 4987.)

In *Schwarzschild v. Weeks*, 72 Kan. 190, 198, the following quotation was employed: " 'The employer is chargeable with knowledge of whatever it is his duty to find out and know.' 5 Thomp. Com. L. of Neg. § 5404." In *Madison v. Clippinger*, 74 Kan. 700, it was said:

"That the violation of a duty expressly imposed by a statute upon an owner or operator of machinery dangerous to employees or to the public is negligence which *prima facie* imposes liability for damages resulting therefrom is well-settled law." (p. 703.)

The defendant, therefore, can not escape liability for its failure to perform the duty on the ground that it did not know that the rock was likely to fall; nor is it any answer to say that because the plaintiff (who was a miner of long experience) testified that he had not noticed that the particular rock which fell upon him was loose before it fell he was guilty of contributory negligence, or that for the same reason the defendant could not have known the condition of the entry. No duty was imposed upon the plaintiff to keep careful watch to see that loose rock did not fall upon him. He had the right to rely upon the performance by the master of the statutory duty to inspect and keep the roofs of the entries propped to prevent stone from falling. The theory of the defendant that it was only bound to use ordinary diligence to furnish a safe place for its employees to work would deprive the statute of all force. It is not to be assumed that the legislature intended merely to declare that to be the duty of the master which the common law already imposed upon him.

The jury found that the place from which the rock fell upon the plaintiff had been measured and accepted by the defendant before the injury occurred, and that the plaintiff, while in the performance of his duties,

was obliged to pass under the roof where the rock fell upon and injured him. The plaintiff testified that some time before the accident occurred he called the attention of the foreman to the fact that the roof in this entry needed props.

" 'The failure of the boss to perform the duties designated in the statute is, under the statute, the negligence of the master.' *Linton Coal and Mining Company v. Persons,* 11 Ind. App. 264, 275." (*Schmalstieg v. Coal Co.,* 65 Kan. 753, 761.)

(See, also, *Barrett v. Dessy,* 78 Kan. 642.)

The evidence supports the findings of the jury, no error appears in the instructions, and the judgment is affirmed.