No. 25,686.

HENRY FRITZEL, *Appellant,* v. THE KANSAS CITY, KAW VALLEY & WESTERN RAILWAY COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

RAILROADS—*Trespassing Animal Killed at Private Crossing—Liability.* Plaintiff's cow broke out of his pasture and entered upon the premises of a neighbor, through which a railroad ran. It passed through an opening in the railroad fence where a gate had been placed, but which had been removed by the neighbor for his own convenience, and upon the railroad track where it was killed. The cow was a trespasser there and its owner has no better right to recover from the railroad company for the loss sustained than the neighbor would have had for a like loss of his own cow.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed May 9, 1925. Affirmed.

*John J. Riling,* and *Edward T. Riling* both of Lawrence, for the appellant.
*J. M. McFadden,* and *O. Q. Claflin, Jr.,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action Henry Fritzel sought to recover damages for the loss of a cow killed in the operation of the Kansas City, Kaw Valley & Western Railway Company. The action was begun· before a justice of the peace and upon an appeal to the district court it was tried with a jury and a verdict in favor of the plaintiff was returned. The court on the motion of defendant set aside the verdict and gave defendant a judgment for costs. Plaintiff appeals.

It appears that the railway of the defendant runs along the side of plaintiff's farm and through the farm of his neighbor, Ed Schaake. A herd of cows belonging to plaintiff was kept in a pasture bordering on the railroad. One of his cows escaped from the pasture and wandered down a public road to a private way on the Schaake farm

and passed up that way and through an opening where there had been a gate, which had been removed, and went upon the tracks of the railroad where it was struck and killed by defendant's car. The railroad had been fenced and gates had been placed at the private crossing of Schaake, but he had removed these gates to another part of his farm for his own convenience. It is said that the fence was defective but it appears that the cow entered upon the right of way through the opening left by the removal of the gate. It also appears that the gate had been removed a considerable time before the cow was killed. Under the circumstances stated the cow was a trespasser on the Schaake farm. According to the authorities plaintiff stands in no better position than that occupied by Schaake who removed the gate. (*Adams v. A. T. & S. F. Rld. Co.*, 46 Kan. 161, 26 Pac. 439; *Bertrand v. Railway Co.*, 84 Kan. 343, 114 Pac. 214.) Schaake could not have recovered for the loss of his cow if it had entered upon the railroad through the same opening and been killed in like manner and hence the plaintiff cannot recover.

The fact that the fence of the defendant may have been defective at other places is of no importance, since it was conceded the cow entered the railroad right of way through the opening left by the removal of the gate. In *Adams v. A. T. & S. F. Rld. Co.*, supra, it was said:

"It appears that the fence between plaintiff's land and Carey's was defective, and that the mule jumped into Carey's inclosure in the nighttime, and went through the gate constructed for the use and accommodation of Carey, upon the railroad track, and was killed. As his mule was a trespasser upon the Carey farm, and as the injury and loss occurred through his negligence and wrong, he is entitled to no greater rights than Carey would have, and is not entitled to recover." (p. 165.)

The ruling was reaffirmed in *Bertrand v. Railway Co.*, supra.

Reference is made by plaintiff to language used in *Mo. Pac. Rly. Co. v. Roads*, 33 Kan. 640, 7 Pac. 213, but so far as it is inconsistent with the later cases it must be regarded as modified by them.

Judgment affirmed.