### Missouri Pacific Railway Company v. Isabella Henry.

No. 6481.

1. **Parties.**—The mother can sue for herself, and for benefit of her husband, for damages for negligently causing the death of their son.

2. **Apportionment of Damages.**—The testimony failing to show injury to the father from death of his son, it was not error that the jury gave damages to the mother alone.

3.  **Charge—Practice.**—Where the court has fully charged upon an issue it is. proper to refuse other charges upon the issue.   See example.

4.  **Verdict—Amount.**—The mother was sixty years old, deserted by her husband. The deceased son at his death was 22½ years old, earned $60 or $65 per month, and had given about half his wages to his mother.   *Held,* a verdict for $3550 in favor of the mother alone was proper and not excessive.

APPEAL from Robertson.   Tried below before Hon. W. E. Collard.

This suit was filed June 6, 1886, by Isabella Henry against the Missouri Pacific Railway Company and the International & Great Northern Railway Company for damages for the killing of her son, John Henry, at Taylor, Texas, on May 6, 1886.   She alleged that her husband, the father of the deceased, John Henry, had abandoned her and moved to another State, and had no interest in this suit; alleged defective engine, and incompetent engineer.

Defendants demurred because the father, James Henry, was not a party plaintiff, filed denial, and pleaded that the deceased was negligent himself, and James Henry, the engineer, was a fellow servant.

June 16, 1887, verdict and judgment for Isabella Henry alone for $3550 against the Missouri Pacific Railway Company, and nothing against the International & Great Northern Railway, and that she recover nothing for her husband James Henry.

The Missouri Pacific Railway Company appealed.

*F. H. Prendergast* and *T. J. Simmons,* for appellant. — 1.  The court. erred in permitting Mrs. Henry to sue alone and recover without making her husband either a plaintiff or defendant.   Railway-v. Moore, 49 Texas, 31; Railway v. Le Gierse, 51 Texas, 189; Railway v. Culberson, 68 Texas, 664.

2.   The court erred in not granting a new trial, because the verdict is excessive in amount, because the evidence showed that plaintiff was sixty years old, and the deceased did not pay her but $30 per month, and boarded with her, which board was worth $20 per month.

3.   The verdict is contrary to the evidence, in this:   The evidence showed that the deceased, John Henry, and the engineer, James Henry, were fellow servants, and if the said James Henry was an incompetent engineer the deceased knew it, and defendant did not know of his incompetency.   Railway v. Gilmore, 62 Texas, 391; Dallas v. Railway, 61 Texas, 196; Railway v. Myers, 55 Texas, 115.

*Scott Field* and *O. D. Cannon,* for appellee. — 1.   When the husband permanently abandons his wife, absents himself for many years, and contributes nothing to her support, she may sue without his joining her. Rosenbaum v. Harloe, 1 Ct. App. C. C., sec. 849; Wright v. Hays, 10·

Texas, 133, 134; Fullerton v. Doyle, 18 Texas, 13; Harris v. Williams, 44 Texas, 124.

2.   John Henry at the time of his death was over twenty-one years of age; he had never contributed to the support of his father; the father would have received no pecuniary benefit from his son had he lived, and sustained no pecuniary damage from his death, and could have recovered nothing in this suit and was not a necessary party to the suit. Rev. Stats., art. 2909; Railway v. Cowser, 57 Texas, 303; March v. Walker, 48 Texas, 375; 2 Thomp. on Neg., 1289, 1890; Pierce on Rys., 393.

3.   When the law is properly given in the main charge it is not error to refuse a special charge on the same subject, and when the proof shows that defendant had actual knowledge of the defects of machinery and deceased had no such knowledge, or when the facts and circumstances show that defendant, through its agents, had much better facilities for learning of such defects of machinery than did deceased, it is not error to refuse such charge as that asked by defendant.   Hicks v. Bailey, 16 Texas, 229; Railway v. Silliphant, 70 Texas, 623; Railway v. McNamara, 59 Texas, 258, 259; Railway v. Dunham, 49 Texas, 181; Porter v. Railway, 27 Mo., 76; Porter v. Railway, 60 Mo.. 162.

4.   The verdict of the jury is not excessive, but is amply supported by the evidence.   Rev. Stats., art. 2909; Railway v. Kindred, 57 Texas, 491.

ACKER, PRESIDING JUDGE.—Isabella Henry sued the Missouri Pacific Railway Company to recover damages for the death of her son John Henry, who was killed on the 6th day of June, 1886, while employed by defendant as a switchman in its yard at Taylor, Texas.   It was alleged that the death was occasioned by the unskillfulness of the engineer in charge of the switch engine, and by the defective condition of the engine, and that the defendant was guilty of negligence in the employment of the engineer and in furnishing machinery for the use of deceased.   It was also alleged by plaintiff that the deceased left no wife nor children, but left plaintiff, his mother, and his father James Henry, surviving him; that James Henry, the father of deceased and husband of plaintiff, permanently abandoned her more than six years before the filing of this suit, moved to a distant State, and she had not heard from him or held any communication with him for several years; that he had contributed nothing to her support or the support of the family; that the deceased had contributed to her support since he was eleven years of age; that he was over twenty-two years of age when killed, and had never contributed anything to the support of his father; that no pecuniary injury resulted to her husband by the death of the son, and that he is not entitled to any benefit of this action.   " Wherefore she asks to be permitted to prosecute this suit in her own name and for her own benefit; but, if it should be held that her said husband is entitled to any of the benefit of this

action, then she prays that she may be permitted to prosecute this suit in her own name for the benefit of herself and her husband."

Defendant answered by general denial, and special exception, "because James Henry, the husband of plaintiff, is a necessary party plaintiff to this suit, and he is not made party plaintiff;" and specially pleaded exercise of due care in employing the engineer and furnishing machinery, and that deceased was fellow servant with the engineer and was himself guilty of contributory negligence.

The demurrer for nonjoinder of the husband was overruled, and the trial by jury resulted in verdict and judgment for appellee for $3550, and that the husband, James Henry, recover nothing.

Under the first and second assignments of error it is contended that the court erred in overruling the special demurrer to the petition and in permitting appellee to sue alone without making her husband a party, either plaintiff or defendant.

It was the evident intention of the Legislature in enacting the statute under which this suit was brought that there should be but one suit for the benefit of all parties to whom the right of action is given. Art. 2904. And it has been decided that where the objection for nonjoinder is made at proper time the suit should be abated until proper parties are joined in the action, either as actual parties or included by proper allegations in the benefit of the action. Railway v. Moore, 49 Texas, 31; Railway v. Le Gierse, 51 Texas, 189.

The right of action is given by the statute (article 2903) "for the sole and exclusive benefit of the surviving husband, wife, children, and parents" of the deceased, and the statute provides that "the action may be brought by all of the parties entitled thereto, or by any one or more of them for the benefit of all." Article 2904.

Now it seems to us that the language of this statute expressly authorizes the mother to bring this action in her own name, without regard to whether she be a married woman or not, and that, too, without accounting for the nonjoinder of the husband, provided she bring the action for the benefit of all parties entitled to it, and in good faith prosecutes it for the benefit of all.

The petition alleged that the deceased had never contributed anything to the support of his father, and that the father had not sustained any pecuniary loss by the death of the son. Following these averments, plaintiff stated in her petition, "but if it should be held that her said husband is entitled to any of the benefit of this action, then she prays that she may be permitted to prosecute this suit in her own name for the benefit of herself and her husband."

The court instructed the jury to the effect that if it was shown that the father of deceased and husband of plaintiff would have received any pecuniary benefit from the son during his lifetime, then to return a ver-

dict for the amount the father and mother would both have received from the deceased son if he had lived, and apportion the amount between them according to the amount each would have received, and if the father would not have received any pecuniary benefit from the son if he had lived, then they would not find any amount for him. Plaintiff had the right to bring the suit for the benefit of herself and her husband, and the court correctly instructed the jury in the law applicable to his rights.

The right to recover in actions of this character depends upon pecuniary injury sustained by the parties to whom the right of action is given. Nothing is allowed as a *solatium*. The recovery rests solely upon the doctrine of compensation. While the relationships named in the statute give the right of action, they do not of themselves give the right of recovery. It must be shown that the parties to whom the right of action is given have sustained some pecuniary injury by the death, and whether they have or not is a question of fact for the jury. Rev. Stats., art. 2909; March v. Walker, 48 Texas, 375; Railway v. Cowser, 57 Texas, 303; 2 Thomp. on Neg., 1289, 1290; Pierce on Rys., 393.

We think the verdict and judgment on the pleadings, evidence, and charge of the court afford ample protection to appellant against a suit by the father, even if limitation has not supervened. We think the court did not err in overruling the special demurrer.

The third assignment of error is: "The court erred in refusing special charge No. 1, asked by defendant, to the effect that plaintiff must show, in order to recover on account of defective engine, that the engine was defective, and defendant knew it, and deceased did not know it, and he had not equal means of knowing it with defendant."

The court gave the following instruction: * * * "If you so find the facts, and find that such injuries and death were the result of defect or defects in engine No. 47, as alleged; that the company operating the road knew of such defects, or might have known of them by the use of such care as a person of ordinary prudence would have used under similar circumstances, and if you find that John Henry did not know of such defects, and could not have known of them by the use of that degree of care that a person of ordinary care and prudence would have used in this situation."

We think the charge given sufficiently instructed the jury on the points covered by the special instruction asked, and that the court did not err in refusing to give it.

Under the fourth assignment of error it is contended that the verdict is excessive.

The verdict was for $3550. The plaintiff was sixty years old, in good health, and strong and vigorous. Deceased was twenty-two years and six months old; had contributed to his mother's support since he was eleven years old to the time of his death; he gave her all he could spare

of his salary.   His salary was $60 or $65 per month, and it did not take half of it for his expenses, and the balance he gave to his mother.

We find in the record nothing tending to show that the jury in finding the amount of damages were influenced by passion or prejudice, or that they were actuated by any motive other than to award to plaintiff reasonable compensation for the pecuniary loss she had sustained.

Under the previous decisions of this court we can not say that the verdict was excessive.   Railway v. Smith, 65 Texas, 173.

The remaining assignments of error question the sufficiency of the evidence to sustain the verdict, and are as follows:

" The verdict is contrary to the evidence in this, the evidence showed that the deceased, John Henry, and the engineer, James Henry, were fellow servants, and if the said James Henry was an incompetent engineer the deceased knew it, and the defendants did not know of his incompetency.

" The court should have granted a new trial because the evidence showed that if the engine was defective the deceased, John Henry, knew it or ought to have known it, and had equal means of knowing it with the defendant, and the defendant did not know it.

"The evidence did not show any defect in the engine that caused the death of John Henry, and the charge of the court on that subject misled the jury."

In regard to the matters embraced in these assignments we deem it sufficient to say that they are questions of fact upon which it was the peculiar province of the jury to pass, and as there was evidence to support conclusions adverse to appellant upon all of the questions raised, we can not disturb the verdict.

Upon a careful consideration of the whole case, we are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted November 26, 1889.