The Chicago Rock Island & Pacific Railway Company v. John Lee.

No. 13,076.    (72 Pac. 266.)

Error from Cloud district court; Hugh Alexander, judge. Opinion filed April 11, 1903. Affirmed.

*M. A. Low, W. F. Evans,* and *Paul E. Walker,* for plaintiff in error.

*Theodore Laing,* for defendant in error.

*Per Curiam:* This action was brought by John Lee to recover from the railway company damages for loss of cattle killed and injured at a public crossing. The evidence shows the employes of plaintiff were driving a herd of 235 head of cattle along the highway. As they approached the railway-crossing one of the employes went ahead of the cattle upon the crossing to look for the approach of any coming train. Seeing no train he returned, assisted in cutting out a bunch of some fifty or sixty cattle, and with others started to drive them across the track. Just as this bunch of cattle arrived at the track a passenger-train running about sixty miles per hour ran into the cattle upon the crossing, killing twelve head and injuring four others. The case was tried by a jury. There was a general verdict for plaintiff, and the jury, at the request of defendant, returned answers to 51 special questions of fact. Each of these was answered positively and directly in favor of plaintiff and against defendant, finding defendant guilty of negligence in the operation of its train and acquitting plaintiff of contributory negligence pleaded by defendant. Upon this verdict there was judgment for plaintiff. Defendant brings error.

It is claimed that a portion of instruction 16 given by the court, which reads, "The burden of proof is upon the plaintiff to establish his right to a recovery by a preponderance of the evidence, except that the burden of proof of establishing contributory negligence on the part of the

plaintiff, and that by a preponderance of the evidence, is upon the defendant," is erroneous, and the case of *Railway Co. v. Merrill*, 61 Kan. 671, 60 Pac. 819, is relied on as authority in support of this contention. The instruction in that case read as follows:

"The burden of proof is upon the defendants to prove by a preponderance of the evidence that the plaintiff was careless and negligent, and that his carelessness and negligence directly contributed to the injury which he received, and if the evidence upon such matters, if any there be, is evenly balanced, or if it preponderates in favor of the plaintiff, then the defendant, failing to prove by a preponderance of the evidence that the plaintiff was guilty of contributory negligence, cannot defeat the claim of the plaintiff upon that ground."

The distinction between these instructions is apparent. Contributory negligence is an affirmative defense. It may appear from the evidence of plaintiff. If so, such proof is all-sufficient. If it does not, the burden rests upon the defendant to establish its existence by a preponderance of the evidence. While the language employed in the instruction is not to be commended as a model of clearness in expression, in the principle of law declared we perceive no error.

Again, it is urged that the trial court erred in refusing to instruct the jury that the first duty of the engineer in charge of the engine was the safety of the passengers and the train he was drawing, and his duty to prevent a collision with the cattle at the crossing was secondary only. Conceding this to be correct as an abstract proposition of law, yet, as the jury found, the engineer could have stopped the train after he first saw the cattle upon the track before reaching the crossing, and thus have averted any danger both to the passengers on the train and damage to the cattle, it was clearly his duty to do so, conceding the fact to be as found. In this view of the case, the refusal of the instruction asked becomes immaterial.

It is further contended that a new trial should have been awarded because special findings of the jury are not supported by the evidence, and also because the verdict was reduced by the court in amount twenty-four dollars. The reduction of the verdict was on account of the value of the hides taken from the cattle killed, sold by defendant, and proceeds paid over to plaintiff, which fact was overlooked by the jury in arriving at a verdict. In this there was no error.

We have examined the evidence found in the record. It is somewhat conflicting and very unsatisfactory, but as the trial court has approved the verdict and findings re-

turned by the jury, we are of the opinion this court is not now warranted in holding the verdict and findings to be utterly and entirely lacking in any evidence tending to their support.

In this view of the case the judgment will be affirmed.