THE KANSAS BUFF BRICK AND MANUFACTURING COMPANY V. ELI STARK *et ux.*

No. 15,463.    (95 Pac. 1047.)

SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Injury to Employee—Failure to Guard Machinery.* The violation of a duty imposed by chapter 356 of the Laws of 1903, known as the factory act, is *prima facie* sufficient to establish the liability of the owners of manufacturing establishments for injuries to an employee resulting therefrom.

2. ——— *Defenses—Contributory Negligence—Assumption of Risk.* Where such liability is claimed under this statute, contributory negligence of the injured party is an affirmative defense to be established by evidence, and the doctrine of the assumption of risk is not available as a defense.

Error from Wilson district court; LEANDER STILLWELL, judge. Opinion filed April 11, 1908. Affirmed.

STATEMENT.

THIS was an action brought by Eli Stark and Mary M. Stark, husband and wife, against the Kansas Buff Brick and Manufacturing Company, to recover damages for the death of their son, Arthur, who was killed while in the employ of the company. Plaintiffs recovered a judgment, and the company brings the case here for review.

The action was founded upon chapter 356 of the Laws of 1903, portions of which are as follow:

"All  .  .  .  belting, shafting,  .  .  .  and machinery of every description used in a manufacturing establishment shall, where practicable, be properly and safely guarded, for the purpose of preventing or avoiding the death of or injury to the persons employed or laboring in any such establishment; and it is hereby made the duty of all persons owning or operating manufacturing establishments to provide and keep the same furnished with safeguards as herein specified.

"If any person employed or laboring in any manufacturing establishment shall be killed or injured in any case wherein the absence of any of the safeguards or precautions required by the act shall directly contribute to such death or injury, the personal representatives of the person so killed, or the person himself, in case of injury only, may maintain an action against the person owning or operating such manufacturing establishment for the recovery of all proper damages." (§§ 4, 5.)

The petition alleged that the company had failed to provide a guard-rail or other protection for the line-shaft in its building and the belting used in connection therewith, and that the deceased while performing his duty was caught in some manner by the unguarded shaft or belting and instantly killed. The company answered, first, by a general denial, and, second, by pleading contributory negligence and assumption of the risk by the deceased. A reply was filed denying generally the allegations of the answer.

The evidence showed that the deceased was caught in the line-shaft running through the room about three feet above the floor. It was his duty to keep the shale from clogging in a spout descending from a screen above and close to the shaft; also to keep the material properly divided between two mixers, about twelve feet away, into which it was carried after leaving such spout. In performing these duties he used a stick, with which he loosened the shale by rapping upon or thrusting it into the spout, as might be necessary to

keep the shale moving. There were three pulleys upon this shaft within five feet of this spout, one of them quite close to it, all carrying belts to drive the machinery above and below this room. The deceased was last seen standing near the mixers; a minute or two later his body was seen whirling about the shaft, and when the machinery was stopped was found on the floor near by—some of the witnesses say within a foot from where he stood to loosen the shale, others say about five feet away from that spot. The pulley five feet away bore marks of blood, and the belt was dislocated. There was no eye-witness of his first contact with the machinery, or to see how he was caught by it, or at what precise place. There were no guard-rails, boxing or other barriers to prevent contact with the shaft, pulleys or belting. The deceased had previously been employed in the yard, but about two days before had been assigned to this work in the machinery-room.

*W. E. Ziegler*, and *J. H. Dana,* for plaintiff in error.
*J. K. Demoss,* for defendants in error.

The opinion of the court was delivered by

BENSON, J.: The jury, in answer to special questions, found that it was practicable to box, or safeguard, the machinery in question, that the company was negligent in failing to do so, and that such negligence was the proximate cause of the injury.

The defendant alleged error in the refusal of the court to sustain its demurrer to the evidence, in denying its motion for judgment, and in denying a new trial. It further insists that the negligence of the deceased directly contributed to the injuries from which he died, and that the proximate cause of the injuries was such contributory negligence and not the unguarded machinery.

The mere fact that this young man was working in the presence of unguarded machinery and amid ob-

vious perils, plainly apparent to his senses, does not prove that his death was caused by his own want of care, but whether he in fact exercised proper care for his own safety was a question for the jury, and could not be determined by the court unless the facts were such that reasonable minds would not differ with respect to his negligence. (*Cummings v. Railroad Co.,* 68 Kan. 218, 74 Pac. 1104.)

The findings disclose the violation of a duty imposed by statute, and this is *prima facie* sufficient to establish liability for the injuries resulting therefrom. (*Madison v. Clippinger,* 74 Kan. 700, 88 Pac. 260; *Fowler v. Enzenperger, ante,* p. 406.) It is true that contributory negligence is a defense where liability is claimed under this statute. (*Madison v. Clippinger, supra.*) This, however, is an affirmative defense (*Railway Co. v. Lee,* 66 Kan. 806, 72 Pac. 266), and the verdict failed to establish it in this case.

The defendant also complains of the refusal of the court to instruct the jury to the effect that it was the duty of the deceased to make use of his senses to discover the dangers about him, and to exercise reasonable care to keep away from the shaft, and that, failing to do so, he could not recover. On this subject the court gave the following instruction:

"I have just indicated to you in general terms that, if the evidence discloses that the deceased was himself guilty of ordinary negligence contributing to his own death, then the defendant is not liable in this action. On that head you are further instructed generally that it was the duty of the deceased to exercise ordinary care and prudence while working in the brick-plant for his own safety and protection, and if he failed to do so, and consequently was killed, then the defendant is not liable, and that is so regardless of the question as to whether the machinery of the defendant should have been safeguarded, as heretofore indicated in these instructions, or not. The court cannot say to you as a matter of law whether in anything the deceased may have done, or failed to do, in his acts and conduct connected with his death, he was, or was not, guilty of

ordinary negligence, but that is a question of fact, and solely for your determination."

This was a fair statement of the rule, and we think sufficient.

The defendant asked the court to instruct the jury that the deceased assumed the risk of dangers from unguarded machinery open and obvious to his senses. This was refused, and an instruction was given to the effect that assumption of risk was not a defense in such cases. This was in accordance with the decisions of this court, and is the correct rule. (*Manufacturing Co. v. Bloom,* 76 Kan. 127, 90 Pac. 821, 11 L. R. A., n. s., 225.)

Complaint is also made of the refusal of the court to submit various special questions designed to show the knowledge of the deceased of the condition and operation of the unguarded machinery. There was no question of the knowledge of the deceased of these conditions—they were open and obvious, and he was in the enjoyment of the ordinary faculties. These facts must be considered as admitted, and special findings thereon were unnecessary; still, as he did not assume these risks, the fact that they were so known and apparent did not bar a recovery, if the deceased was not wanting in proper care in the situation in which he was placed. The defendant asked this question:

"Were any of the employees of the defendant guilty of negligence which contributed to, or was, the approximate cause of the injury to the deceased?"

The court changed it thus:

"Was the defendant guilty of negligence which contributed to, or was, the approximate cause of the injury to the deceased?"

This was a proper correction. The statute imposed the duty upon the corporation to safeguard its machinery, and the failure to do so was the fault of the corporation itself. It was not claimed that the machinery was guarded in any way, but that it was not

practicable to do so.   It was therefore immaterial what officer or officers or employees were responsible for the neglect.   It is argued that this shaft and its pulleys and belts, although unguarded, were not dangerous to this employee while in the discharge of the particular duties devolving upon him; that no duty required his approach to the machinery near enough to become entangled in or caught by it.   This, however, was a question of fact exclusively.   His work was in the presence of this swiftly revolving shaft, with three pulleys and belts within five feet.   In this situation he was required to reach over or above the shaft, or near to it, to thrust his stick into the mass to keep it moving in the spout, then to turn to the mixers close by, and so, attending to the spout and the mixers, give such heed to all his duties as would keep the work in progress without obstruction.   In some way, the precise details of which are unknown, he came into contact with the machinery, and lost his life.   In the absence of any finding by the jury of negligence on his part the general verdict, having been approved by the trial court upon sufficient evidence, must be sustained.

The judgment is affirmed.