J. D. LEWIS, *Appellee*, v. THE BARTON SALT COMPANY, *Appellant*.

No. 16,426.

SYLLABUS BY THE COURT.

1. "FACTORY ACT"—*Assumption of Risk—Contributory Negligence.* The "factory act" (Laws 1903, ch. 356) excludes the defense of assumed risk, but does not exclude the defense of contributory negligence.

2. MASTER AND SERVANT—*Injury to Employee—Statutory Duty of Master—Contributory Negligence.* The questions whether it was practicable to safeguard the pans and whether the plaintiff was guilty of contributory negligence presented issues of fact, which were determined by the verdict on conflicting evidence. The verdict was approved by the trial court, and we can not weigh the evidence here.

Appeal from Reno district court; PETER J. GALLE, judge. Opinion filed March 12, 1910. Affirmed.

*William Warner, O. H. Dean, W. D. McLeod, H. C. Timmonds, H. M. Langworthy, O. C. Mosman, J. S. Simmons,* and *A. W. Tyler,* for the appellant.

*W. G. Fairchild,* for the appellee; *H. S. Lewis,* of counsel.

The opinion of the court was delivered by

SMITH, J.: This action was brought under the factory act (Laws 1903, ch. 356), by Lewis, an employee, to recover damages for personal injuries received by reason of the alleged failure of the employer to safeguard a salt pan upon which, it is conceded, it became necessary for the plaintiff to ascend to adjust the machinery in the course of his employment.

In addition to the allegation that the defendant failed to furnish the salt pans with proper guards and platforms to avoid injury to the employees, the petition alleged that on the night the accident occurred the room containing the salt pans was insufficiently ventilated to carry off the steam, and insufficiently lighted to enable the plaintiff to see and protect himself from the dangers incident to his duties. This matter of ventilation and lighting is pleaded, so the plaintiff claims, as a duty imposed by the factory act, that the pans may be "properly and safely guarded." (Laws 1903, ch. 356, § 4.) The defendant construes this allegation as the assertion of a common-law liability, independent of the statute, and in its answer alleged assumption of risk and contributory negligence. On motion of the plaintiff the court struck out of the answer the defense of assumption of risk, and this ruling is assigned as error.

Whether the alleged lack of ventilation or of light be regarded as a common-law or as a statutory ground of damage is immaterial in this case, as the evidence supports no cause of action on either of these grounds. The situation disclosed by the evidence tends rather to show that it was impracticable so to ventilate the room on the cold night in question as to dispel the steam arising from the five great pans of boiling brine, or to provide any light which would penetrate the steam, than to show the opposite. The error, then, if it was error, was not prejudicial to the defendant.

The case was evidently decided by the court and jury as one arising purely under the factory act. Under that act assumed risk is not a permissible defense. The prime object of the statute is to deter employers from unnecessarily exposing their employees to danger, even where the danger is apparent and where employment is accepted or is continued under such circumstances that the common law imputes knowledge of the danger to the employee and consequently an assumption of the risk. (*Fowler v. Enzenperger,* 77 Kan. 406; *Manufacturing Co. v. Bloom,* 76 Kan. 127.)

The statute does not exclude the defense of contributory negligence. (*Brick Co. v. Stark,* 77 Kan. 648; *Madison v. Clippinger,* 74 Kan. 700.) It devolves upon the defendant, however, to plead and to establish this defense, and whether it is established by the evidence is a question of fact for the jury. The defendant insists that the plaintiff's own testimony shows that he voluntarily undertook to perform the duty imposed upon him in a manner which he knew to be very dangerous, when he also knew that another method was much safer. To a degree the plaintiff's evidence supports this contention. But there was also testimony of the plaintiff and other witnesses that he performed the task in the customary way, and under such evidence it can not be said, as a proposition of law, that the injury was caused by his own want of care, but all these matters are for the consideration of the jury. (See *Cummings v. Railroad Co.,* 68 Kan. 218; *Brick Co. v. Stark,* supra; *Railroad Co. v. Morris,* 76 Kan. 836.) "To be unsafe a method must be such that a reasonably prudent man would not, under all the circumstances, adopt it." (*Brinkmeier v. Railway Co.,* 69 Kan. 738, 745.) We conclude that the court did not err in refusing to instruct the jury to return a verdict for the defendant.

No material error is found in the rulings admitting or excluding evidence offered. We think the evi-

dence produced by the plaintiff, considered in the most favorable light to him, as the jury had the right to consider, was sufficient to sustain the finding—necessarily involved in the general verdict—that it was practical to place a small platform over the salt pans to safeguard the employees from just such accidents as befell the plaintiff in this case; that the failure to have such a platform so placed rendered the defendant responsible for the damages sustained; and that his right to recover was not defeated by contributory negligence on his part.

An interesting question, which, it is believed, has not heretofore been presented to this court, is raised by comparing instructions numbered 3 and 4, given by the court. Instruction No. 3 reads:

"I instruct you that to entitle the plaintiff to recover in this action he must establish by a preponderance of the evidence that the defendant failed to have the vats and pans in his salt manufacturing establishment safely guarded, and that it was practicable to have said vats safeguarded as required by the above statute. The plaintiff must further establish by a preponderance of the evidence that the absence of the safeguards complained of was the direct and proximate cause of plaintiff's injury, or directly contributed thereto. If the plaintiff establishes these facts, by a preponderance of the evidence, then the plaintiff would be entitled to recover damages, unless you should further find that the plaintiff was guilty of contributory negligence."

In instruction No. 4 the court told the jury that the plaintiff could not recover if his own negligence contributed to his injury. The defendant contends that instruction No. 3 is erroneous and confusing, in that it is thereby held liable only if its negligence contributed to the injury, unless the plaintiff's negligence contributed thereto, and that the evidence suggests no contributing cause, unless it be the plaintiff's negligence. It is true negligence as "contributory" only implies a supplemental cause—something else that also contributed to the effect. The ingenious argument can not avail

the defendant.  If conclusive at all, it is that instruction No. 4 and not No. 3 is erroneous, as the statute expressly provides that it shall be sufficient in the first instance to establish liability to prove that the failure of the employer to comply with the law contributed to the injury.  A *prima facie* case, not rebutted, compels a judgment.  Proof that the plaintiff was also guilty of negligence which contributed to the injury does not rebut the fact of the employer's failure to comply with the statute.  The statute, then, fairly admits of a construction which would exclude contributory negligence as a defense as well as assumed risk, but does not do so expressly, and the courts have presumed that such was not the intent and have permitted the common-law defense.  This certainly is not to the prejudice of the defendant.

We find no substantial error in the admission or exclusion of evidence nor in the instructions.  The jury determined the facts adversely to the defendant, and the trial court approved thereof.  The judgment is affirmed.