RIO GRANDE, E. P. & S. F. R. CO. et al. v. LUCERO et al.

No. 2732.

Court of Civil Appeals of Texas. El Paso.

Nov. 10, 1932.

Rehearing Denied Dec. 8, 1932.

Turney, Burges, Culwell & Pollard, of El Paso, for appellants.

McKenzie, Walthall & Gamble, of El Paso, for appellees.

PELPHREY, C. J.

This suit was brought by Santos Lucero and Mariana R. Lucero, the surviving parents of David Lucero, against the Rio Grande, El Paso & Santa Fé Railroad Company and the Atchison, Topeka & Santa Fé Railway Company to recover damages for his death which occurred at what is commonly known as the Vinton Crossing about sixteen miles north of El Paso, Tex. His death resulting from being struck by a train at said crossing.

Appellees alleged negligence on the part of appellants in the following particulars: (a) That the operatives of the train failed to blow the whistle on the engine at a distance of at least eighty rods from the crossing; (b) that they failed to ring the bell on the engine at a distance of at least eighty rods from the crossing, and failed to keep the bell ringing until the train had passed over the crossing; (c) that they operated the train at a rapid, dangerous, and excessive rate of speed, under the circumstances; (d) that they failed to keep a proper lookout to discover persons approaching the crossing; (e) that appellants failed to keep and maintain the crossing in a safe condition; (f) that the operatives of the train failed to blow the whistle on the engine at frequent intervals, both at a greater and lesser distance than eighty rods from the crossing; (g) that appellants failed to have an adequate signal bell at the crossing, which would ring loud enough to warn persons approaching the crossing of the approach of their trains; and that the operatives of the train saw and discovered the peril of David Lucero in time for them to have, by the use of the means at hand, reduced the speed of the train, stopped it, or have warned him by blowing the whistle or ringing the bell, and thereby have avoided the collision.

Appellant Atchison, Topeka & Santa Fé Railway Company pleaded a misjoinder of parties plaintiff, in that the mother of David Lucero was neither a proper or necessary party. Further pleaded a general denial, contributory negligence on the part of David Lucero, and that, it being an interstate common carrier for hire with all of its activities being regulated by the Transportation Act it

was entitled to have its liability determined under the rule laid down by the Supreme Court of the United States as to the liability of railroads for injuries inflicted at railroad crossings.

Appellant Rio Grande, El Paso & Santa Fé Railroad Company's answer was to the same effect.

Appellees filed exceptions to appellant's pleas of misjoinder and to that portion of the answers setting up their nonliability because of their interstate character. These exceptions were by the court sustained. At the conclusion of the testimony, appellants requested the court to instruct the jury to return verdicts in their favor. These were refused, and the cause was submitted to the jury on special issues. In response thereto, the jury found that the person in charge of the engine did not fail to blow the whistle at least eighty rods from the crossing; that the bell was not rung continuously from at least eighty rods from the crossing until the crossing was passed; that the fact that it was not so rung was a proximate cause of the death of David Lucero; that the operatives of the train did not fail to blow the whistle on the engine at frequent intervals at a lesser distance than eighty rods from the crossing; that the train was being operated at a high and dangerous rate of speed, in view of the conditions that obtained at and around the place of the accident; that such was negligence and a proximate cause of the death of David Lucero; that David Lucero failed to use ordinary care to keep a lookout for the approaching train; that such failure was negligence, but was not a proximate cause of his death; that the collision complained of was an avoidable accident; that Mariana Lucero suffered pecuniary loss by reason of the death of her son amounting to $2,000; that the deceased, by the use of reasonable care for his own safety before going onto the place he was struck, could not have discovered the approach of the train in time to avoid the accident; and that the vision of the deceased was impaired due to the atmospheric conditions.

The court, upon the above findings, rendered judgment in favor of Mariana Lucero for $2,000, against appellants jointly and severally, and that Santos Lucero take nothing.

This appeal is from that judgment.

## Opinion.

Appellants' twenty-fifth assignment reads: "The court erred in entering judgment herein in favor of the plaintiff Mariana Lucero, for the reason that it definitely appeared that she was at all times complained of in this action, and is now, a married woman; that the father of the deceased is living, and as such, head of the family, and the recovery, if any, being community property, should have been in his name. No reason appears why the recovery should not have been entered in that behalf."

Under this assignment, appellants argue that the father was the only necessary party in the suit; that the proceeds arising from a recovery are community property, over which the husband has exclusive management and control; that the proceeds of the recovery could not be the separate property of the wife; therefore the court erred in rendering judgment that she should recover and that such recovery should be as of her own right and as for herself, her separate property and estate.

The record here discloses that the parents of the deceased had been separated for about two years; that deceased lived with his mother, Mariana Lucero; that he gave her all his earnings which, except for the amount used by her to purchase his clothes and 50 cents per week which she gave him for spending money, was all used by her for the support of herself and his younger brothers and sisters; and that he had promised to continue to support her as long as they both lived.

There is no evidence that he had ever contributed anything toward the support of his father or that he had ever expressed any intention of so doing. Under this statute (Vernon's Ann. Civ. St. art. 4675), only those named who have suffered some pecuniary injury by the death can recover. St. Louis, A. & T. Ry. Co. v. Anna Johnston et al., 78 Tex. 536, 15 S. W. 104; Missouri Pac. Ry. Co. v. Henry, 75 Tex. 220, 12 S. W. 828; Texas & N. O. R. Co. v. Mills (Tex. Civ. App.) 143 S. W. 690.

It follows that the only person entitled to recover for the death of David Lucero, under the evidence here, was his mother.

In the case of Missouri Pac. Ry. Co. v. Henry, supra, the parents were separated; as in the present case, the son was living with and supporting the mother; the mother brought the suit, setting up the separation, and asking that she be permitted to prosecute the suit alone.

The railway company leveled an exception at her petition on the theory that the father was not made a party plaintiff.

The Supreme Court held that the trial court did not err in overruling the exception and affirmed a judgment in favor of the mother alone.

The above holding, we think, is a sufficient answer to the contentions made by appellants here.

Appellants' first, second, and third propositions, are:

"First: It affirmatively appears that deceased approached a railroad crossing with which he was entirely familiar, and did noth-

ing to ascertain whether such crossing could be made in safety, and in these circumstances he was guilty of such negligence as should preclude recovery in behalf of the appellee."

"Second: Where there is no substantial dispute as to the facts, and these facts clearly show contributory negligence, it is the duty of the court, as a matter of law, to construe the same and hold that there can be no recovery."

"Third: Where, as here, it appears without dispute that before attempting to cross railroad tracks one approaching neither stopped, looked nor listened, nor took any precaution looking to his safety, and that had any reasonable precaution been taken the approach of the train could have been discovered in time to avert the accident, it was the duty of the court to hold, as a matter of law, that resulting accident was the fault of one so approaching the tracks and deny recovery for injuries resulting in death."

The sixth proposition reads: "Sixth: Where the jury finds that one approaching a railroad crossing was guilty of negligence, there can be no recovery, although the defendant itself may be negligent."

Under these propositions, appellants argue that, the jury having found that deceased was guilty of negligence in not exercising ordinary care before he undertook to cross the tracks, there could, as a matter of law, be no recovery, and that the jury's finding that such negligence was not a proximate cause was surplusage, and could not change the effect of their finding that he was negligent; and that, it being the duty of a person attempting to cross a railroad crossing to use ordinary care for his safety, and that one who fails to use such care is guilty of negligence, then it follows as a matter of law that his failure to use such care was the proximate cause of any resulting injury.

Appellees counter with the argument that, in the absence of evidence to the contrary, it will be presumed that a person killed at a crossing took whatever steps were necessary for his own safety, and that, there being no evidence in the record as to what deceased did or did not do before going on the crossing, the issues on the question of contributory negligence should not have been submitted, but that, the issues having been submitted, then the question of whether or not deceased was guilty of contributory negligence depended upon the finding as to whether such negligence was a proximate cause of the death of deceased.

█ █ Appellees cite several cases both from this and other jurisdictions defining contributory negligence to be an act or omission on the part of plaintiff which an ordinarily prudent man would not do or suffer under similar circumstances, and which, concurring with a negligent act or omission of the defendant, becomes the proximate cause of the injury. International & G. N. Ry. Co. v. Garcia, 75 Tex. 583, 13 S. W. 223; Baltimore & O. S. Ry. Co. v. Young, 153 Ind. 163, 54 N. E. 791; St. Louis, I. M. & S. Ry. Co. v. Dillard, 78 Ark. 520, 94 S. W. 617; Kansas City Southern Ry. Co. v. Prunty, 133 F. 13, 66 C. C. A. 163; Brown v. Rockwell City Canning Co., 132 Iowa, 631, 110 N. W. 12; Lewis v. Barton Salt Co., 82 Kan. 163, 107 P. 783; Parramore v. Denver & R. G. W. R. Co. (C. C. A.) 5 F.(2d) 912; Chicago M. & St. P. R. Co. v. Youngers (C. C. A.) 5 F.(2d) 784, and from the definitions there given contends that an essential element of contributory negligence is a causal connection between the negligence and the injury. We agree with such contention. In Pearson v. Texas & N. O. Ry. Co. (Tex. Com. App.) 238 S. W. 1108, 1109, the railway company requested charges which, in effect, told the jury that if they believed the plaintiff in error could have ascertained the approach of the train in time to have avoided the accident by looking, or listening, or both, and that a failure to do so was negligence, to return a verdict for defendant in error, unless they found for plaintiff in error on the issue of discovered peril.

The Court of Civil Appeals sustained the assignment challenging the court's action in refusing the charges, but the Commission of Appeals reversed their holding and used this language: "It will be observed that these charges utterly ignore the question of whether such negligence, if any, contributed to the injury. That was an important issue of fact, and one which the jury was rightfully entitled to decide."

After quoting from the case of Galveston, H. & S. A. Ry. Co. v. Pendleton, 30 Tex. Civ. App. 431, 70 S. W. 996, 998, the court further said:

"Charges similar to the ones now under review, instructing the jury that if they find plaintiff's acts or omissions under certain circumstances constituted negligence, to return a verdict for defendant, which charges contained no reference as to whether such negligence contributed to the injury have been reviewed by the appellate courts of this state, and have been, without exception, condemned because of the failure to have this important qualification included therein"— citing numerous cases.

In Galveston, H. & S. A. Ry. Co. v. Pendleton, supra (writ refused), the court said: "To make want of ordinary care on the part of plaintiff a defense to a claim of damages based upon defendant's actionable negligence, it must appear that there was such a relation between plaintiff's fault and the injury that such injury was a natural and probable result thereof, and that the accident and consequent injury to the plaintiff might naturally and reasonably have been expected under the circumstances. [International & G. N.] Rail-

road Co. v. Culpepper, 19 Tex. Civ. App. 182, 46 S. W. 922; [Gulf, C. & S. F.] Railway Co. v. Moore, 28 Tex. Civ. App. 603, 68 S. W. 559, 561; Mauch v. City of Hartford, 112 Wis. 40, 87 N. W. 816. The question as to whether the negligence of the plaintiff proximately contributed to his injury is as much a question of fact for the jury as the one of negligence itself. And unless the evidence shows it, though it may be sufficient to show negligence on the part of the plaintiff, there is a complete failure of the defense of contributory negligence."

 We also agree with appellees that there is no evidence showing that deceased failed to use ordinary care for his own safety before going upon the track. No witness who appeared testified to having seen him just before or at the time he went on the crossing. There being no evidence to show that he did not use ordinary care, it will be presumed that he did. The assignments raising this question must be overruled.

The further contention is made by appellants that the evidence fails to show any negligence on their part.

As above set forth, the jury found that the operatives of appellants did not ring the bell on the engine continuously from at least eighty rods from the crossing until the crossing was passed; that they operated the train at a high and dangerous rate of speed, in view of the conditions that obtained at and around the place of the accident; that this was negligence; and that both these acts of negligence were the proximate causes of the death of the deceased.

If the evidence is sufficient to support the jury's finding on either of these issues, then the judgment should not be disturbed.

The record reveals that the place where this accident occurred was a much-used crossing, and that on the morning in question there was an extremely heavy fog. Appellants in their answer allege that the train was being operated at a speed of 45 miles per hour, and there is evidence from which the jury could have concluded that it was going even faster. Under the conditions prevailing at the crossing in question on this particular morning, appellants did not perform their whole duty to persons on the highway by giving the statutory signals, but they owed the additional duty to such persons to pass the crossing at a reasonable rate of speed, proportioned to the danger, 22 R. C. L. § 244, p. 1013; Baylor University v. Bradshaw (Tex. Civ. App.) 52 S.W.(2d) 1094, and the fact that the train was being operated on the customary schedule would not alter their duty where conditions arose which caused the crossing to become dangerous.

Under facts such as we have here under consideration, we have concluded that the evidence was sufficient to support the jury's finding on the issue of negligence based upon the speed of the train.

We have heretofore held against appellant's contention that they should have their liability determined under the federal rule, and see no reason to depart from such holding in the present case.

We have considered the many questions presented by appellants, but find no reason to reverse the judgment rendered.

The judgment is affirmed.