**In the Matter of William Jack McCOY, Bankrupt.**

**No. SA–72–BK–225.**

United States District Court,
W. D. Texas,
San Antonio Division.

Feb. 6, 1974.

Luther H. Soules, III, San Antonio, Tex., for claimants and petitioners, Nix Hospital, Inc. and Dr. William F. Dossman, M.D.

Frank Davila, II, San Antonio, Tex., for the Bankrupt, William J. McCoy.

## OPINION OF THE COURT AND FINAL JUDGMENT

JOHN H. WOOD, Jr., District Judge.

This is a bankruptcy case involving Section 70(a) of the National Bankruptcy Act, 11 U.S.C.A. § 110(a). McCoy, the bankrupt, listed as exempt property in his Debtor's Petition a "prospective claim for damages against various doctors and/or hospital for mal-practice (sic) resulting in death of wife; exempt under Section 70(a)(5) of the Bankruptcy Act." The Debtor's Petition listed as debts $33.00 in unpaid school district taxes, $545.61 in secured indebtedness, and $10,578.97 in unsecured indebtedness of which $10,278.88 is for medical services performed by

various doctors and the hospital in connection with the last illnesses of McCoy's deceased wife. Other than for his indebtedness for those medical services, McCoy seeks discharge in bankruptcy of only $300.09 owed by him. None of the debts are disputed by the bankrupt. In addition to the claim for damages, on which he placed no monetary valuation, McCoy claimed that all of his other assets were also exempt.

Nix Hospital, Inc. filed its Proof of Claim for medical services in the amount of $6,733.38 including a $4,595.-98 promissory note dated July 19, 1972, executed by McCoy individually and as agent for his wife, and $2,212.40 accrued thereafter on open account. Dr. William F. Dossman, M.D. filed his Proof of Claim for medical services in the amount of $1,815.00 accrued on open account. No other creditors filed proofs of claims.

McCoy's claim for damages arises under Texas' wrongful death statute, Vernon's Tex.Civ.Stat.Ann. Art. 4675. The Trustee in Bankruptcy reported the claim for damages as exempt property, but placed no monetary valuation on it, and further reported all of McCoy's other property as also exempt. The claim and all of McCoy's other assets were set apart by the Trustee to be retained by McCoy after bankruptcy as his own property pursuant to exemptions allowed by the Trustee.

Nix Hospital and Dr. Dossman filed their objections to the Trustee's report of exemptions and, upon hearing those objections, the Referee in Bankruptcy sustained the Trustee's report. By their Petition For Review, petitioners, Nix Hospital and Dr. Dossman, have perfected their appeal to this court on the single point that McCoy's claim for damages is not an exempt asset to be set aside to him as his own property, but that the claim, if found to be meritorious, upon liquidation should be utilized to satisfy petitioners' claims.

The parties presented an agreed statement of the pertinent facts as follows:

McCoy's claim for damages arises out of and is connected with the same transactions or occurrences as the petitioners' claims to be paid for their medical services rendered to McCoy's wife during her last illnesses, and all claims of the parties are now subject to the jurisdiction of this court in this bankruptcy matter. All of the claims were mature and owned by the respective parties, but none was filed in any other court proceeding nor the subject of any other pending action, prior to determination by the referee of the exempt status of the claim for damages. A trial of the claim for damages in the courts of Texas would primarily involve an effort by McCoy to prove that the medical services on which petitioners' claims are founded were rendered improperly, and would be defended with petitioners' proof that such services were properly rendered. A trial in the courts of Texas of petitioners' claims to be paid for their medical services would primarily involve proof by petitioners that their medical services were rendered properly, and would be defended with efforts by McCoy to prove that the services were not properly rendered. McCoy's claim for damages arises, if at all, solely in connection with medical services for which he is indebted to petitioners, which he has never paid, and which are represented by $7,548.38 of the $10,578.97 unsecured indebtedness listed in his Debtor's Petition.

■ Section 70(a) provides in pertinent part as follows:

"The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located . . . (5) property, including rights of action, which prior to the

filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: *Provided,* That rights of action ex delicto for libel, slander, injuries to the person of the bankrupt or of a relative, whether or not resulting in death, seduction, and criminal conversation shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process. . . . "

In order for McCoy's claim for damages to be exempt from vesting in the Trustee, the claim must have been either (a) not transferrable by any means, or (b) not subject to judicial process or execution in Texas. Because McCoy could have transferred the claim for damages by means available to him prior to the filing of his Debtor's Petition, and because the claim by its particular circumstance is subject to judicial process and execution under the law of Texas, it vested in the trustee upon his appointment and qualification, and is an asset subject to the claims of the petitioners.

■ Vernon's Tex.Civ.Stat.Ann. Art. 6636 provides a "means" for McCoy to have "transferred" his claim for damages as follows:

"The sale of a judgment, or any part thereof, of any court of record, or *the sale of any cause of action, or interest therein, after suit has been filed thereon, shall be evidenced by a written transfer, which, when acknowledged in the manner and form required by law for the acknowledgment of deeds, may be filed with the papers of such suit.*

When thus filed, the clerk shall make a minute of said transfer on the margin of the minute book of the court where such judgment of said court is recorded; or if judgment be not rendered when transfer is filed, the clerk shall make a minute of such transfer

on the court trial docket where the suit is entered, giving briefly the substance thereof. For such service, he shall be entitled to a fee of Fifty Cents (50¢), to be paid by the party applying therefor. This Article shall apply to any and all judgments, suits, claims and causes of action, whether assignable in law and equity or not. *When said transfer is duly acknowledged, filed and noted as aforesaid, the same shall be full notice and valid and binding upon all persons subsequently dealing with reference to said cause of action or judgment, whether they have actual knowledge of such transfer or not.*" (Emphasis supplied.)

A cause of action for wrongful death arising under Vernon's Tex.Civ.Stat. Ann. Art. 4675 may be transferred by the beneficiary or owner thereof "in instances where in making such an assignment the provisions of Art. 6636, V.A.T.S. have been complied with." Lowe v. Employers Casualty Company, 479 S.W. 2d 383, 389 (Tex.Civ.App.—Ft. Worth 1972, no writ). McCoy could have transferred his claim for damages under Article 4675 simply by filing suit and then following the clear guidelines of Article 6636 to effect a transfer.

■■ McCoy's claim is also subject to judicial process and writ of execution under Texas law. McCoy's claim for damages against petitioners is a compulsory counterclaim to petitioners' asserted claims to be paid for their medical services. Texas Rules of Civil Procedure rule 97(a) provides that any claim is a compulsory counterclaim when four elements concur: (1) the claim must be within the jurisdiction of the court where the initial claim is pending; (2) the claim must not be the subject of another pending action; (3) the claim must, at the time of filing of the answer to the initial claim, be mature and owned by the pleader; and (4) the claim must arise out of the same transaction or occurrence that is the subject matter of the opposing party's claim. In an action filed in a Texas state court

by Nix Hospital and Dr. Dossman against McCoy, to recover for medical services to his wife, any wrongful death claim of McCoy against the hospital and the doctor for alleged malpractice, connected with the medical services, resulting in the death of McCoy's wife, would meet the four requirements of Rule 97(a), and, by their agreed statement of facts, the parties have, in effect, so stipulated.

Both claims stem from the same series of transactions or occurrences, namely the rendition of medical services to McCoy's wife by Nix Hospital and Dr. Dossman. Were it not for McCoy's underlying contract to pay for the medical services neither claim would have ever arisen because Nix Hospital and Dr. Dossman would not have rendered the services upon which their claims are based. And, had the services not been provided by petitioners, there would be no basis for McCoy's allegations against petitioners for wrongful death. Both claims require proof primarily of the nature and quality of the medical services performed.

The compulsory nature of McCoy's wrongful death claim requires that he assert it as a counterclaim against Nix Hospital and Dr. Dossman when their claims for payment are asserted against him, or, failing to do so, McCoy would be barred from recovery on the claim in a subsequent suit. Harris v. Jones, 404 S.W.2d 349 (Tex.Civ.App.—Eastland 1966, writ ref'd); Akin Products Co. v. Bush, 319 S.W.2d 404 (Tex.Civ.App.—Fort Worth 1958, writ ref'd n. r. e).

The provisions of Texas Rule 97(g) further sustains this conclusion. Rule 97(g) provides as follows:

"Tort shall not be the subject of set-off or counterclaim against a contractual demand nor a contractual demand against tort *unless it arises out of or is incident to or is connected with same.*" (Emphasis supplied).

When read in juxtaposition, the plain import of Rules 97(a) and (g) is that tort cannot be the subject of a counter-claim against a contractual demand unless it arises out of or is incident to or is connected with same; but, if the tort arises out of the same transaction or occurrence as a contractual demand, it *must* be presented as a *compulsory* counterclaim. In the case of Powell v. Short, 308 S.W.2d 532 (Tex.Civ.App.—Amarillo 1957, no writ), Powell sued Short for the collection of an unpaid check. Short filed a counterclaim for malicious prosecution, alleging that Powell had maliciously sworn out a criminal complaint against him. Powell filed a plea of privilege, seeking to have the counterclaim severed from the original suit and tried in Powell's home county, contending that the action in tort for malicious prosecution was not the proper subject of a counterclaim to the original suit on a contract according to Rule 97(g). The Texas Court of Civil Appeals held that the claim for malicious prosecution arose out of and concerned the same transactions as plaintiff's claim, i. e. the tort was incident to and connected with the contract, and was a proper compulsory counterclaim to be tried in the county where the suit was initially filed.

McCoy's "prospective claim for damages" against Nix Hospital and Dr. Dossman could not escape judicial process in a suit brought in the Texas courts by petitioners against him on their claims for medical services. McCoy's claim must be presented, and rendered subject to whatever judicial process would issue at the conclusion of a trial of petitioners' claims, or be forever precluded. Because of the particular circumstance that McCoy's wrongful death action is a compulsory counterclaim to petitioners' claims herein asserted, it is immediately subject to judicial process and ultimately to execution, upon assertion of petitioners' claims under Texas law.

McCoy contends that Texas' wrongful death statute, Article 4675, specifically exempts his claim, because it provides that the amount recovered thereunder shall not be liable for the debts of the deceased. The meaning and

application of that provision is apparent when considered with the policy behind the statute, and, in fact, the inclusion of that phrase by the Texas legislature was necessary to effectuate the policy. That statute is designed to compensate the statutory beneficiaries for their own loss resulting from the death of the deceased. Missouri Pacific Ry. Co. v. Henry, 75 Tex. 220, 12 S.W. 828 (1889). It is not designed to benefit a decedent's estate. The recovery for wrongful death vests immediately in the one who is given the cause of action by Article 4675 and does not become a part of or pass through the estate of the deceased. Sustaita v. Valle, 38 S.W.2d 638 (Tex.Civ. App.—San Antonio 1931, no writ).

In *Sustaita*, the daughter of the deceased sued for injuries to her father under Texas' survival statute, Vernon's Tex.Civ.Stat.Ann., Art. 5525, and for the wrongful death of her father under Article 4675. She failed to prove that no administration was necessary on the estate of her father, a prerequisite to her recovery under the survival statute. The Court of Civil Appeals reversed her recovery under Article 5525 because the recovery thereunder belonged to the estate of the decedent and was not recoverable by the daughter individually unless she established that no administration of her father's estate was necessary. However, the Court affirmed the daughter's recovery under the wrongful death statute, Article 4675, because:

> "Damages in the second case, for the wrongful death of the decedent, were recoverable by the appellee individually, since they were not subject to debts of the decedent, but vested directly in appellee immediately upon the wrongful death of her father." Id. at 641.

The policy of Article 4675, to provide compensation to a beneficiary for losses to that beneficiary resulting from the death of the deceased, could not have been effectuated if the recovery of the beneficiary were diminished by the debts of the deceased. However, that policy of Article 4675 does not pertain in this case.

■ Article 4675 does not provide that the recovery thereunder will not be liable for the debts of the beneficiary; such recovery is liable for his debts as are his other assets. The debts of beneficiary, William Jack McCoy, are the debts sought to be discharged in this bankruptcy proceeding, *not those of the deceased*. McCoy filed his Debtor's Petition, including a statement, verified under oath of *his* debts. Included in that verified statement was a listing of *his* creditors, including petitioners, Nix Hospital and Dr. Dossman.

■■ Having verified under oath in his Debtor's Petition that the debts due and owing to petitioners are his debts, McCoy is now judicially estopped from asserting the contrary position, that the debts are not his but rather are those of the deceased. Long v. Knox, 155 Tex. 581, 291 S.W.2d 292 (1956). Since the debts due and owing to petitioners are those of McCoy, any recovery by him against petitioners for wrongful death would be subject to his debts including petitioners' claims herein totaling $7,548.38.

McCoy's claim for damages is not exempt and is vested in the Trustee pursuant to Section 70(a) of the National Bankruptcy Act. If the claim for damages is pursued by the Trustee, and if recovery is obtained on the claim, the proceeds of a recovery shall be first applied by the Trustee to satisfy petitioners' claims.

The Court accordingly finds that the law and the facts are with the claimant, Nix Hospital, Inc., and that this case should be reversed for further proceedings not inconsistent with this Opinion and Judgment and accordingly enters the following:

### FINAL JUDGMENT

It is, therefore, ordered, adjudged and decreed that the petition of the Petitioners, Nix Hospital, Inc. and Dr. William F. Dossman, M.D., be, and the same is

hereby, granted and the Court finds and holds that the claim of William Jack McCoy for damages as alleged by him is not an exempt asset to be set aside to him as his own property, but that his claim or alleged cause of action, if any he has which is later found to be meritorious, upon final liquidation should be utilized to satisfy all of petitioners' claims. It is further ordered that the holding of the Referee in Bankruptcy is an exempt claim and is in all things reversed and this appeal is remanded to the Referee in Bankruptcy for such further and additional proceedings which are not inconsistent with the decision and Final Judgment of this Court.