Donald A. GUFFEY, Plaintiff-Appellee,

v.

BORDEN, INC., Defendant-Appellant.

No. 77–1024.

United States Court of Appeals, Fifth Circuit.

May 25, 1979.

Rehearing Denied June 21, 1979.

John M. Smith, Longview, Tex., for defendant-appellant.

Jim Ammerman, Don Stokes, Marshall, Tex., for plaintiff-appellee.

Before WISDOM, COLEMAN and RONEY, Circuit Judges.

RONEY, Circuit Judge:

In this Texas diversity action, plaintiff Donald Guffey, while delivering a truck load of warm liquid wax to defendant's plant, slipped on wax that had spilled to the ground and seriously injured himself. The jury found defendant 100% negligent and awarded Guffey $200,000 in damages. Concluding that the evidence is insufficient to support a finding of 100% negligence on the part of defendant, and that Guffey's negligence necessarily contributed to his accident, we reverse and remand for a new trial.

On the day of the accident, warm liquid wax was being transferred from Guffey's truck to Borden's tanks by means of hoses coupled by a device known as a "quick latch." In order to check whether the wax was flowing properly, Guffey, who by industry custom was solely responsible for the operation, climbed on top of the truck, bled off pressure, and peered into the truck to determine whether the level of wax was dropping.

While Guffey was thus occupied, the Borden employee charged with supervising the unloading docks became concerned about a small leak of wax coming from the hose coupling. This employee applied pressure to the connection and the latch disengaged. As a result, a 3-inch stream of wax gushed forth creating a spill which covered an 8-foot by 10-foot area.

Seeing this situation, Guffey climbed down from his truck to turn off the safety valve on the truck and thus prevent the wax in the truck from further discharging through the hose to the ground. He stepped into some wax but did not fall. Having shut off the safety valve, Guffey walked to the place where the uncoupled hose was lying in the pool of wax and reached down to pick it up. He slipped, fell, and injured his back. As a result of his back injury, Guffey underwent two unsuccessful operations and faces a third. He suffered considerable pain and testified that he was unable to continue driving a truck.

The jury returned a verdict for plaintiff, finding that Borden was negligent but Guffey was not. Had both Borden and Guffey been found negligent, the jury would have had to apportion liability under Texas' comparative negligence statute. Tex.Rev.Civ. Stat.Ann. art. 2212a § 1 (Vernon). The district court denied a motion for a new trial and a judgment notwithstanding the verdict. On appeal, Borden challenges the sufficiency of the evidence to support the jury verdict.

■ At the outset, we note that the trial court properly overruled Borden's motion for judgment notwithstanding the verdict. On the basis of the evidence, the jury could have reasonably concluded that the Borden employee negligently disengaged the latch in violation of industry custom at a time when he knew that wax was present in the hose. This evidence is sufficient to create an issue of fact for the jury as to Borden's negligence precluding judgment notwithstanding the verdict. *Boeing Co. v. Shipman,* 411 F.2d 365, 374–375 (5th Cir. 1969).

■ Unless the evidence, taken most favorably to Guffey, fails to support the jury's conclusion that Guffey was not negligent, we must affirm. *Gulf Oil Corp. v. Griffith,* 330 F.2d 729, 731 (5th Cir. 1964). Guffey is contributorily negligent if his act or omission was contrary to what the ordinarily prudent person would do under similar circumstances and concurred with Borden's negligence to cause or contribute to the cause of his own injury. *Rio Grande, E.P. & S.F.R.R. Co. v. Lucero,* 54 S.W.2d 877, 879 (Tex.Civ.App.1932). Guffey clearly failed to act as the ordinarily prudent man would have when, aware of the wax spill and its slippery propensities, he deliberately walked into the pool of wax to retrieve the disjoined hose before the wax could be cleaned up. This negligent behavior was necessarily a contributing cause of Guffey's fall.

In arguing that the jury verdict was supported by the evidence, Guffey emphasizes the emergency nature of the situation. Because the circumstances called for immediate action without opportunity for reflection, Guffey contends that the jury could have excused what would otherwise have been negligent conduct on his part.

■ The occurrence of an emergency would not relieve Guffey of the duty to exercise ordinary care. Rather, it would properly be considered as one of the circumstances against which the reasonableness of Guffey's actions must be assessed. *See Jones v. McIlveene,* 105 S.W.2d 503, 505 (Tex.Civ.App.1937). *See generally,* 40 Tex. Jur.2d, Rev., Part 2, Negligence § 79.

While the jury may have considered that Guffey was responding to an emergency when he climbed from the truck to stem the flow of wax, by the time Guffey closed the safety valve he knew there was no pressure in the truck because he had just bled it off. Moreover, he knew or should have known that the wax in the truck could not have discharged because he had just closed the safety valve. Only the small amount of wax that remained in the hose itself could possibly have spilled at that time. When Guffey chose to cross the spilled wax and

recouple the latch rather than to step out of it and wait for the spill to be cleaned up, his conduct fell short of ordinary prudence under the circumstances.

 The jury's verdict, based on a refusal to attribute to Guffey some degree of negligence and a determination that Borden was 100% negligent, is not supported by the evidence. The trial court erred, therefore, in denying Borden's motion for a new trial. *Urti v. Transport Commercial Corp.*, 479 F.2d 766, 769 (5th Cir. 1973).

The judgment of the district court is reversed and the cause remanded for a new trial. Only a jury can determine the relative percentages of negligence attributable to Guffey and Borden.

REVERSED AND REMANDED.